[No. 20,006.   Department One.—September 30, 1884.]

THE PEOPLE, RESPONDENT, *v.* JOHN SCHENICK, APPELLANT.

CRIMINAL LAW—IMPEACHMENT OF DEFENDANT WHEN WITNESS IN HIS OWN BEHALF—CONVICTION OF MISDEMEANOR.—Where a defendant in a criminal case is under cross-examination as a witness in his own behalf, the fact of his former conviction of a misdemeanor cannot be proved by his oral testimony. The record of conviction is the best evidence, and is indispensable.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was charged with the crime of mayhem.

The facts are stated in the opinion of the court.

*John D. Whaley,* for Appellant.

*Attorney-General Marshall,* for Respondent.

McKEE, J.—When the defendant was under cross-examination, as a witness in his own behalf, the district attorney asked him this question: "On the 3d of May, 1882, was a judgment pronounced against you in the police judge's court of the city and county of San Francisco for the crime of petit larceny, under the name of L. Smith?" Defendant's counsel objected to the question upon several grounds, and among others, on the ground that it calls for secondary evidence. The objections were overruled and the defendant excepted.

By section 2051 of the Code of Civil Procedure, it is allowable to impeach a witness by asking him if he has been convicted of a felony, or the fact may be proved by producing the record of conviction. Proof of such a fact by oral testimony of the witness is, however, an exception to the general rule as it existed before the Code. Under that rule, the only admissible evidence of the former conviction of a witness of felony was the record of conviction. And the rule is yet applicable to the proof of conviction of an offense other than felony, for the Code which has made an exception to the rule in convictions of felony, declares that a witness cannot be impeached by evidence of par-

LXV. CAL.—40.

ticular wrongful acts; these do not fall within the exception; therefore the fact of a former conviction of misdemeanor cannot be proved by the examination of the witness. The record of conviction of misdemeanor is the best evidence of the fact, and it is indispensable. . (§ 1863, Code Civ. Proc.; *People* v. *Reinhart*, and *People* v. *McDonald*, 39 Cal. 449, 697.)

Judgment reversed and cause remanded for a new trial.

Ross, J., and McKinstry, J., concurred.