[Crim. No. 370. Department One.—August 17, 1898.]

## THE PEOPLE, Respondent, v. ADOLPH SILVA, Appellant.

CRIMINAL LAW—LARCENY—EVIDENCE—IMPEACHMENT OF WITNESS—HARMLESS ERROR.—A witness in a criminal case may be impeached by evidence of his general reputation for truth, honesty, and integrity, and it is error to confine the question to his general reputation for truth and veracity; but such error is not prejudicial where the witness, upon the trial of a defendant charged with larceny in the stealing of cattle, gave direct evidence of his own dishonesty by testifying that he and the defendant had stolen the cattle.

ID.—PARTICULAR WRONGFUL ACTS—CHARGE OF CATTLE STEALING.—Evidence of particular wrongful acts cannot be shown for the purpose of impeachment, excepting proof of the conviction of the witness of a felony. A witness cannot be asked for such purpose whether he was not confined in jail upon a charge of cattle stealing.

ID.—EVIDENCE OF ACCOMPLICE—INSTRUCTION—RULE OF COURT.—Under section 2061 of the Code of Civil Procedure, it is the duty of the court, upon a proper occasion, to instruct the jury that "the testimony of an accomplice ought to be viewed with distrust"; and it is error to refuse to give such an instruction in a proper case when orally requested by the defendant, on the ground that counsel had not handed up to the court the charge in writing, as required by a rule of the court. Such request did not come within the reason or spirit of the rule, and should have been granted.

ID.—OBJECT OF RULE—SUSPENSION—DUTY OF COURT.—A rule of court requiring instructions to be handed up in writing before the argument begins is proper, and is designed to give the court an opportunity to determine the correctness and propriety of the instruction, so as to prevent error and promote justice; but when its strict observance would defeat or impede justice, the court may suspend the rule, and it is its duty to do so.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

J. E. McElrath, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

THE COURT.—Appellant was convicted of the crime of grand larceny—cattle-stealing—and appeals from the judgment and from an order denying a new trial.

1. The prosecution called as a witness one Firmain Vallenzuella, against whom an information had been filed, and was still pending, charging him with the larceny of the same cattle, and he testified that he and this appellant had committed the larceny for which appellant was being tried.

For the purpose of impeaching Vallenzuella, appellant called a witness and asked him the following question: "Are you acquainted with the general reputation of Firmain Vallenzuella for truth, honesty and integrity, in the community in which he lives?"

Upon objection being made to the question the court ruled that it could only be answered as to "his general reputation for truth and veracity."

In *Heath v. Scott*, 65 Cal. 548, it was held that for the purpose of impeaching a witness the inquiry is not confined to his reputation for truth and veracity, but may extend to his general reputation for truth, honesty and integrity. (See, also, Code Civ. Proc., secs. 1847, 2051; *People v. Hickman*, 113 Cal., 86, 87.)

The error of the court in limiting this question to the reputation of the witness for truth and veracity did not, under the circumstances, prejudice the defendant, as the witness had given the jury direct evidence of his dishonesty by testifying that he and the defendant had stolen the cattle.

2. The question put by defendant to Marcos Vallenzuella upon cross-examination, for the purpose "of laying before the jury the character of the witness," viz.: "Were you not confined in the county jail in Oakland for a period of about eight months, continuously, charged with cattle-stealing?" was properly disallowed.

Evidence of particular wrongful acts cannot be shown for the purpose of impeachment, "except that it may be shown by the examination of the witness, or the record of the judgment, that he had been convicted of a felony." (Code Civ. Proc., sec. 1051.)

3. During the argument before the jury counsel for the defendant orally requested the court, when it came to charge the jury, to instruct them that "the evidence of an accomplice is to be viewed with distrust"; and again, before the court had finished its instructions to the jury, counsel repeated the request. The court refused to give said instruction on the ground that

counsel had not handed up to the court, before the argument, the charge in writing, as required by the rules of the court.

Section 2061 of the Code of Civil Procedure provides: "The jury, subject to the control of the court, in the cases specified in this code, are the judges of the effect and value of evidence addressed to them, except when it is declared to be conclusive. They are, however, to be instructed by the court on all proper occasions: . . . . 4. That the testimony of an accomplice ought to be viewed with distrust."

The rule of court that instructions requested by a party must be given to the court, in writing, before the argument begins, is eminently proper. Its purpose is to give to the court an opportunity to determine the correctness and propriety of the instruction, and thus prevent errors and promote justice; but when the strict observance of the rule would operate to defeat or impede justice it is always within the power of the court to suspend the rule, and it is its duty to do so. The request here made did not come within the reason or the spirit of the rule, and should have been granted. It was in the language of the code, and the occasion was proper. (See *Pickett v. Wallace*, 54 Cal. 148; *People v. Demasters*, 105 Cal. 669.)

The judgment and order are reversed and cause remanded for a new trial.