[Crim. No. 769.   Department One.— September 26, 1901.]

## THE PEOPLE, Respondent, v. J. A. WARREN and WIL-LIAM WARREN, Appellants.

CRIMINAL LAW — EVIDENCE — DECLARATIONS OF THIRD PERSONS. — Upon the trial of defendants accused of felony, the declarations of third persons, not made in the presence or hearing of the defendants, are hearsay and incompetent; and where such declarations were admitted upon insistence of the district attorney, and were of such a character that they might have tended to prejudice the jury, to the injury of the defendants, their admission will be deemed prejudicial error.

ID. — IMPEACHMENT OF WITNESS — INDICTMENT AND TRIAL FOR SAME OFFENSE. — A witness for the defendant cannot be impeached, upon cross-examination, by showing that he had been indicted and tried for the same offense, without seeking to show that he had been convicted of a felony.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

Charles A. Palmer, for Appellants.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

COOPER, C.—The defendants were convicted of grand larceny, in the felonious stealing and driving away of four calves, the property of one Luchessa.   They appeal from the judgment and from the order denying their motion for a new trial.

During the trial, the court, under defendants' objection, admitted many conversations and statements of third parties, not made in the presence or hearing of either of the defendants. It will be sufficient to state only a few of such statements, as they are all of the same general character.

The prosecuting witness, Luchessa, testified that a short time after he missed his calves, and while riding over the ranch of defendants with two or three other parties, they met one Bob Warren, who rode up in front of them.   The district attorney then asked the following question: "Q. Well, what occurred there, when Bob stopped you?"   This question was

objected to, as incompetent, and not binding upon defendants, as neither of them was present at the time. The district attorney stated that the evidence was admissible for the purpose of showing that a crime was committed by some one, and that he would follow it up and show the connection. The court overruled the defendants' objection, and the witness testified that Bob Warren rode in front of him, and stopped him, cursing him, and calling him vile names, and among other things, said, "You been sneaking around this ranch long enough." The witness further testified to meeting Bob Warren on another occasion, and when asked concerning a conversation that took place, defendant objected, upon the ground that the conversation was incompetent, immaterial, and not in the presence of the defendant. The objection was overruled, and the witness was permitted to testify to very abusive language and epithets applied to him by Bob Warren, and that Bob got down off his horse and wanted to fight witness.

Similar rulings were made as to statements and threats in the hearing of the witnesses Mayfield, Van Gordon, and Arbuckle, and not in the presence or hearing of either of the defendants.

The following question was asked by the district attorney of the witness Mayfield: "Q. When you say he abused him, what do you mean by that? What did Bob Warren say, as near as you can recollect?" This question was objected to, as incompetent and hearsay, and the objection overruled. The witness answered: "Called him a son of a b—— Swiss, and said he must be up to some meanness, or he would not be there."

The witness Van Gordon, under similar objections by defendants, was permitted to testify to several such conversations with Bob Warren, and that Bob Warren called Luchessa vile names, and said that Luchessa rode over the place, "looking down his nose like a whipped pup."

The witness Arbuckle, under defendants' objection, was permitted to testify to several threats and abusive language used by Bob Warren to Luchessa; that Bob Warren asked witness if he had seen Luchessa around the place, and in the conversation said, "If I find him down there alone somewhere, there is liable to be a little Swiss blood spilled."

The objections to all this class of evidence should have been sustained. The defendants were not present, and were not bound by statements and declarations of Bob Warren, made

in their absence. If the declarations and statements were immaterial and irrelevant, they should have been excluded; if they were material, they certainly were incompetent and hearsay, and were calculated to injure defendants before the jury. As to how much effect such testimony had upon the jury, it is not our business to decide. It is sufficient that it was hearsay, and was of such character that it might have influenced the jury, to the injury of defendants. There might be a case in which hearsay evidence was of such an immaterial character that we would not consider it of sufficient importance to justify us in reversing, but this is not one. The amount of such evidence in this record, the fact that the district attorney persisted in getting it before the jury, and the character of it, justifies us in the conclusion that it probably tended to prejudice the defendants in the eyes of the jury. The defendants were entitled to a fair trial, to have none but competent evidence admitted, and to have the ordinary rules of evidence applied during their trial. If they could not be convicted upon such legal evidence and a fair trial, they should not have been convicted at all. (Code Civ. Proc., sec. 1870, subd. 3; *People* v. *Griffin*, 52 Cal. 616.)

The defendants called one George Warren as a witness, and he gave material testimony in their behalf. On cross-examination he was compelled to testify, under defendants' objection, that he had been tried in the superior court for the larceny of the same calves. The district attorney asked the following question: "Q. You have been indicted by the grand jury for the larceny of these calves,—the same calves,—have you not?" To this question defendants objected, upon the ground that it was incompetent, immaterial, and not cross-examination. The court overruled the objection, and the witness answered, "Yes, sir." This ruling was clearly erroneous. It is provided in section 2051 of the Code of Civil Procedure: "A witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth, honesty, or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that he has been convicted of a felony."

It was not sought to show that the witness had been convicted of a felony. The fact that he had been indicted and tried for the larceny of the calves was not competent, neither

was it proper cross-examination. (*People* v. *Carolan,* 71 Cal.
196; *Jones* v. *Duchow,* 87 Cal. 114; *People* v. *Silva,* 121 Cal. 669;
*People* v. *Hamblin,* 68 Cal. 103.)

It becomes unnecessary to decide as to whether or not the
venue was sufficiently proven. The point will probably be
obviated by the district attorney upon the next trial.

The judgment and order should be reversed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment
and order are reversed.

Harrison, J., Garoutte, J., Van Dyke, J.