[Crim. No. 1078.   Department One.—February 19, 1904.]

THE PEOPLE, Respondent, v. JOHN WHITE, Appellant.

CRIMINAL LAW—EVIDENCE—IMPEACHMENT OF WITNESSES—CONVICTIONS FOR MISDEMEANOR—PREJUDICIAL ERROR.—Upon the trial of a defendant accused of robbery, it was prejudicial error to permit the impeachment of the defendant and his principal witness, by introducing records of the police court showing prior convictions of misdemeanor against each of them. The statute only permits the conviction of a witness for felony to be used for the purpose of impeachment.

APPEAL from a judgment of the Superior Court of Los Angeles County.   B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Frank W. Allender, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

VAN DYKE, J.—The defendant was tried in the county of Los Angeles, and convicted of the crime of robbery, and

sentenced to imprisonment in the state prison at San Quentin for the term of twenty-five years, from which conviction defendant appeals.

1. The first error assigned by the appellant is, that the court permitted improper cross-examination of the defendant. We have examined the points of the cross-examination referred to by counsel and can see nothing that justifies his contention. The cross-examination seems to be only in response to the examination in chief.

2. It is further contended on behalf of appellant that the court erred in allowing the introduction of records of the police court of Los Angeles for the purpose of impeaching the defendant White and his principal witness, Fred Medinas. The robbery charged against the defendant was alleged to have been committed on the 18th of June, 1902. The district attorney was permitted by the court, over the objection of the defendant, to introduce in evidence the record from the police court of the city of Los Angeles, in which it was charged that the defendant, in July, 1898, committed the crime of battery, for which offense he was fined the sum of fifteen dollars, or in default of the payment of said fine, to be imprisoned in the city jail. The district attorney was also permitted by the court, over the objection of the defendant, to introduce in evidence the records of the police court of said city of Los Angeles of March, 1901, containing a charge against the defendant, John White, of being an idle and dissolute person in said month of March, for which offense he was imprisoned in the city jail of Los Angeles City for the term of four months. These records were offered, as stated by the district attorney, "simply by way of impeachment," and in overruling defendant's objection the court stated that they were admitted "merely to attack the credibility of the witness." Fred Medinas was one of the principal witnesses on behalf of the defendant. The district attorney was allowed by the court, over the objection of the defendant, to introduce in evidence for the purpose of impeaching said witness, a record from the police court of the city of Los Angeles, under date of December, 1900, in which it appeared that he had been charged and convicted of being an idle, dissolute person, and an associate of thieves, and wandering about the streets at late hours of night, and was

sentenced to be imprisoned in the city jail of the city of Los
Angeles for the term of forty days.

It may be, as suggested by the attorney-general, that "a
conviction of a felony is not more potent to determine the
character of a defendant for truth, honesty, and integrity, or
the credibility to be given his testimony, than are several
records of his conviction as an idle and dissolute person, the
associate of known thieves," etc. But the lawmaking depart-
ment of the state has decreed that records, except on convic-
tion of a felony, cannot be introduced or used for the purpose
of impeachment. "A witness may be impeached by the party
against whom he was called, by contradictory evidence, or by
evidence that his general reputation for truth, honesty, or in-
tegrity is bad, but not by evidence of particular wrongful
acts, except that it may be shown by the examination of the
witness, or the record of the judgment, that he has been con-
victed of a felony." (Code Civ. Proc., sec. 2051.) This
*rule is made applicable* to criminal trials. (Pen. Code, sec.
1102.) In *People* v. *Schenick,* 65 Cal. 625, it is said that
where a defendant in a criminal case is under examination as
a witness in his own behalf, the fact of his former convic-
tion of a misdemeanor cannot be proved by his oral testimony.
The record of conviction is the best evidence, and is indis-
pensable. This case is referred to by the attorney-general,
it seems, as authority in support of the ruling of the court
below in admitting the records in question here in evidence.
In *People* v. *Carolan,* 71 Cal. 195, it was said that evidence of
this character, for the purpose of impeachment, is limited to
convictions of a felony, although it is remarked in the opinion,
"If, in any case, a record of conviction of a misdemeanor is
admissible for the purpose of discrediting, it should be made
to appear that the offense involved moral turpitude or in-
famy, which was not done in this case,"—from which it seems
to be inferred by the attorney-general that in a case of a
misdemeanor involving moral turpitude the record could be
introduced. But the language of the code in question clearly
limits it to cases where there has been a conviction of felony.
In *People* v. *Warner,* 134 Cal. 202, it is held that a witness
could not be impeached by evidence of particular wrongful
acts, under the provision of the code in question, except he
had been convicted of a felony. (Citing *People* v. *Carolan,*

71 Cal. 195; *Jones* v. *Du Chow*, 87 Cal. 114; *People* v. *Silva*, 121 Cal. 669; *People* v. *Hamblin*, 68 Cal. 103.)

The introduction of these records could not fail to have a prejudicial effect against the defendant, and they were evidently offered for the purpose of influencing the jury in arriving at their verdict. District attorneys in their zeal to convict should not run counter to the plain provisions governing criminal trials. It is the duty of the trial court to see that they do not do so. Nothing is gained by obtaining a conviction at the sacrifice of legal principles. On the contrary, such practice results in much harm, from reversals and retrials—with the consequent delays and additional expense to the county and the state, ending not infrequently in a miscarriage of justice altogether.

For the errors noted in the admission of the police court records in question in this case the judgment and order must be reversed, and it is so ordered.

Angellotti, J., and Shaw, J., concurred.