[Crim. No. 1289. In Bank.—January 18, 1906.]

## THE PEOPLE, Respondent, v. W. M. GRAY, Appellant.

CRIMINAL LAW—MURDER—VAGUE DESCRIPTION OF ASSAILANT BY DE-
CEASED—PRIOR ARREST OF ANOTHER PERSON.—Upon the trial of a
person charged with murder, where there is no claim of insufficiency
of the evidence to justify the verdict, evidence that upon a vague
description of his assailant given by the deceased another person was
arrested on suspicion of the murder prior to defendant's arrest,
was properly rejected where there was no pretense that such
other person did not answer such vague description as well as the
defendant.

ID.—CROSS-EXAMINATION—OPINION OF WITNESS—CORRESPONDENCE WITH
DESCRIPTION—IMPEACHMENT.—An inquiry on cross-examination of
the witness who testified to the description given by deceased, as to
his opinion whether the person first arrested answered such descrip-
tion, was properly excluded as immaterial and incompetent where
no foundation was laid for impeachment of the witness by proof
of any contradictory statement.

ID.—OPINION AS TO IDENTITY—STATEMENT OF ANOTHER PERSON.—An
opinion as to the identity of a person based solely upon the state-
ment of another person is not admissible to prove identity.

ID.—EVIDENCE OF POLICE OFFICER—DECLARATION OF WITNESS AS TO
DESCRIPTION—IMPEACHMENT.—The evidence of a police officer as
to a declaration made by the witness who testified to the descrip-
tion of the assailant given by deceased could only be admissible
for the purpose of impeachment of the witness; and where no foun-
dation was laid therefor, an objection thereto was properly sustained
on that ground.

ID.—IMPROPER CROSS-EXAMINATION—CLOTHING OF FIRST PERSON AR-
RESTED.—Where an attempt on cross-examination of the witness who
testified to such description to prove that the person first arrested
wore clothes which answered the description was not legitimate
cross-examination, the objection on that ground was properly
sustained.

ID.—IMPEACHMENT—PROOF OF WRONGFUL ACT—ARREST FOR DRUNKEN-
NESS.—A witness cannot be impeached by proof of particular wrong-
ful acts not amounting to a felony; and evidence that the witness
had been arrested for being drunk was properly excluded.

ID. — CROSS-EXAMINATION OF IMPEACHING WITNESS — DEFENDANT NOT
PREJUDICED.—The overruling of an objection to the cross-examina-
tion of a witness called by the defense for the purposes of impeach-
ment is not ground for reversal where there was nothing in the
answer given by the witness that was in any way prejudicial to
the defendant.

APPEAL from a judgment of the Superior Court of Sacramento County and from an. order denying a new trial. E. C. Hart, Judge.

The facts are stated in the opinion of the court.

Charles B. Harris, and J. L. Copeland, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant was convicted of murder in the first degree in the superior court of Sacramento County, upon an information filed by the district attorney of that county, charging him with the killing of Wong Koung, a Chinaman. His motion for a new trial was denied, and he was sentenced to suffer the penalty of death. From the judgment and from an order denying his motion for a new trial the defendant prosecutes this appeal.

The killing of deceased was done in the perpetration of the crime of robbery. There was no claim that the evidence was insufficient to justify the verdict. The only points made in behalf of the defendant on this appeal are as to alleged errors in the rulings of the trial court in reference to the admission and rejection of evidence. There was no eye-witness of the commission of the crime which resulted in the death of the deceased. The deceased, under a sense of impending death, gave to his friend Chin Coy and another Chinaman a partial description of his assailant, which, as testified to by Chin Coy, was as follows, viz.: A "nigger" man, big like Chin Coy, with a light hat and light sweater, a vest, and no coat. This was the extent of the description given by deceased, as testified to by Chin Coy, and Chin Coy had no other knowledge as to the description or identity of the assailant. The defendant is a negro, and there is nothing in the record showing how he in other respects answered the description testified to.

1. It was attempted by defendant to show that upon the description given by Chin Coy to the authorities another negro was arrested prior to defendant's arrest, on suspicion of having committed this murder. The court refused to admit this evidence. In this there was no error. There was no pretense that the negro so arrested did not answer the vague

and uncertain description testified to by Chin Coy as well as did the defendant, so that, even if a proper foundation for the impeachment of Chin Coy had been laid, which was not the case, the proposed testimony could not have tended to show, so far as appears, anything inconsistent with the testimony of Chin Coy in regard to the description given by the deceased. We can conceive of no other ground upon which such evidence would have been admissible. Certainly, it cannot be held that the mere arrest of one person on suspicion of having committed a crime is material upon the question as to whether or not another person committed that crime.

2. Defendant sought to show by cross-examination of Chin Coy that, in his opinion, another negro, arrested prior to defendant's arrest, answered the description given by deceased, and also, by such negro, that Chin Coy stated that he (said negro) answered the description given by the deceased. It is apparent that the opinion of Chin Coy as to whether the man arrested measured up to the description testified by him to have been given by the deceased was immaterial and incompetent. An opinion as to the identity of a person, based solely upon the statement of another, is not admissible to prove identity. Such an opinion, to be admissible, must be based upon personal knowledge of the person identified, and be the result of the witness's recollection of the person and the facts connected with his seeing or hearing him, and not be entirely the result of information derived from others. (Lawson on Expert and Opinion Evidence, pp. 323, 324.) Where the opinion of the witness is based solely on a description given by another, that description being given, all persons are as able to judge as to whether one answers the description as is the witness himself, and opinion evidence upon the proposition is not admissible. (See Wigmore on Evidence, sec. 557, and *Whittier* v. *Town,* 46 N. H. 23, [88 Am. Dec. 185], for discussion of rule.) Any prior statement by Chin Coy to another to the effect that another than defendant answered the description given by deceased, could, therefore, be admissible only for the purpose of impeaching him in the matter of the evidence given by him as to the description furnished him by deceased. If he had previously stated that another, who did not in fact answer the description testified to, did answer the description given by deceased, it would be

a statement inconsistent with his testimony as to the description given by deceased. As already said, however, there was no claim that the other negro arrested did not answer the description testified to as fully as did the defendant, and the evidence was not offered for the purposes of impeachment, but simply to show the opinion of Chin Coy as to identity. No foundation for any such impeachment was laid, or sought to be laid, upon the cross-examination of Chin Coy, which was an essential prerequisite to the proof of inconsistent statements by him. (Code Civ. Proc., sec. 2052.)

3. A police officer was asked by defendant to detail the description of the assailant given to him by Chin Coy as the description given by the deceased, and an objection to the question was sustained. Such evidence could have been admissible only by way of impeachment of Chin Coy, and no foundation for any such impeachment having been laid the objection made on that ground was properly sustained. It is proper to say that defendant's counsel expressly disavowed any purpose of impeachment.

4. We cannot see that the attempt to prove on the cross-examination of Chin Coy that the other person arrested wore clothes answering the description given by the deceased, as testified by him, was legitimate cross-examination. The objection on that ground was properly sustained.

5. The court properly sustained an objection to a question asked a witness, as to whether he knew that the witness Mrs. Wilkes, or Chick Dorsey, as she was called, had been arrested for being drunk. The question involved in the case was as to her character for truth, honesty, and integrity, and the proposed evidence did not go to any of these traits, nor could she be impeached by evidence of particular wrongful acts not amounting to a felony. (Code Civ. Proc., sec. 2051.) Under the provisions of our code, a person cannot be impeached by evidence of particular wrongful acts, except that it can be shown that he has been convicted of a felony. (*People* v. *Silva,* 121 Cal. 668, [54 Pac. 146]; *People* v. *Warren,* 134 Cal. 202, [66 Pac. 212]; *People* v. *White,* 142 Cal. 292, [75 Pac. 828].)

6. The witness Plunkett, called for the defense for the purpose of impeaching the witnesses Mrs. Wilkes and Grubbs, was asked on cross-examination concerning his feelings towards

the members of the police force and the administration of police affairs of the city of Sacramento. As to this, it is sufficient to say that there was nothing in the answers given that was in any way prejudicial to the defendant. This disposes of all the points made for reversal.

The judgment and order appealed from are affirmed.

McFarland, J., Shaw, J., Henshaw, J., and Lorigan, J., concurred.