[Crim. No. 896. Second Appellate District, Division One.—July 28, 1922.]

## THE PEOPLE, Respondent, v. WALTER SHARP, Appellant.

[1] CRIMINAL LAW — BURGLARY—ROBBERY—PLEADING—EVIDENCE.—In this prosecution, under an information charging the defendant in separate counts with the crimes of burglary and robbery, the offenses were properly pleaded by the authority of the provisions of section 954 of the Penal Code, and, under the facts as the evidence for the prosecution showed them to be, the defendant was properly convicted of both offenses.

---

1. Whether several offenses growing out of the same facts may be charged in one indictment and information, notes, 58 Am. Dec. 238; 31 L. R. A. (N. S.) 693.

[2] ID.—INSTRUCTIONS—FAILURE TO INDORSE—ABSENCE OF PREJUDICIAL ERROR.—A defendant cannot complain of prejudicial error for an omission of the judge to particularly indorse each instruction as provided by section 1127 of the Penal Code in the absence of a showing that the jury received the instructions and used them in its deliberations.

[3] ID.—DEFENSE OF ALIBI—CAUTIOUS CONSIDERATION OF TESTIMONY—INSTRUCTION. — An instruction that the defense of alibi was capable of being and had been occasionally successfully fabricated, and, when false, its detection might be a matter of great difficulty, and advising that testimony offered for the purpose of establishing such defense should be closely scrutinized, is not prejudicial where it appears from the whole charge that the jury could not have been misled thereby.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred H. Thompson and Hale Day for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was charged by the information filed by the district attorney, and in separate counts thereof, with the crimes of burglary and robbery, both alleged to have been committed on the same day. The jury returned separate verdicts finding the defendant guilty of both charges. The court in its judgment declared the conviction to have been of both crimes and ordered that the defendant be imprisoned "for the term prescribed by law." There was a motion for a new trial, which was denied. The appeal was then taken from the judgment and from the order made denying the motion.

[1] Appellant makes several contentions as grounds for reversal of the judgment and order. He contends first that under the facts defendant should not have been convicted of two crimes. Section 954 of the Penal Code permits prosecuting officers to include in the indictment or information separate and different charges "connected together in their commission, or different statements of the same offense, or

two or more different offenses of the same class of crimes
or offenses, under separate counts.'' By the authority of
the provisions of that section, the separate offenses de-
scribed in the information were properly pleaded, and
under the facts as the evidence for the prosecution showed
them to be the conviction of both offenses must be sus-
tained. It was established by the testimony offered for the
prosecution that on the evening of the 19th of December,
1921, the defendant, at about 8 or 8:30 P. M., appeared
at the door at the home of Mrs. Alice Smith in Glendale,
Los Angeles County, and asked permission to use Mrs.
Smith's telephone, saying that his automobile had become
disabled and he wished to summon assistance. Reluctantly
Mrs. Smith allowed him to enter the house. Defendant
upon entering was followed immediately by an accomplice,
who wore a mask and carried a gun. With the gun mena-
cing her, Mrs. Smith was compelled to allow one of the men
to remove a diamond ring valued at about fifteen hundred
dollars and four other rings from her fingers. She was
then compelled to enter a bathroom and the door was
locked behind her. The two men proceeded to make a
search of the house for valuables, obtaining some money
and other things, after which they departed. The circum-
stances attending the entry of the defendant to the house
of Mrs. Smith were sufficient to show the intent to commit
larceny, as was charged in the information. The crime of
burglary was completely made out upon such an entrance
being shown to have been effected, regardless of whether
any property had been secured. In addition to such acts
the defendant, by means of force and fear, took from
the person of the complainant her rings. This was an act
of robbery and there would appear no reason why it might
not be charged separate from the burglary and a separate
conviction had thereon. If it be conceded, for the sake of
argument only, that the acts described were so connected to-
gether as to amount to but one offense, it may not be said
that the judgment was prejudicially erroneous. If the con-
viction should have been for one offense alone, that con-
viction might properly have been for the crime of robbery.
Under the law a person convicted of robbery may be sen-
tenced to imprisonment for life. The form of judgment
as now authorized to be pronounced under the ''indeter-

minate sentence law'' (it was sufficiently expressed by the judgment herein) is·in legal contemplation a judgment for the maximum period authorized by the statute; hence here, had the conviction been for the crime of robbery alone, the sentence imposed would not have been for a less time than that which was fixed.

[2] Defendant makes claim to two errors as affecting the instructions given by the court to the jury. He asserts, first, that the trial judge failed to obey the law (sec. 1127, Pen. Code) and indorse upon each charge presented a statement as to whether it had been given, refused, or modified, and if modified what the modification consisted of. The clerk certified that the record contained, among other things, ''instructions refused and given.'' The first seven or eight pages of these instructions cover various general propositions as to reasonable doubt and definitions of the crimes charged in the information, together with the general advice ordinarily given as to the duty of jurors, rules for determining credibility of witnesses, etc. These instructions bear no indorsement over the judge's signature, except that one was marked as having been given as modified. Immediately following are a number of instructions, apparently offered by the defendant, all of which are indorsed ''Refused, except as given in instructions of court. Charles Monroe, Judge.'' It is fairly apparent that all of the instructions not specially indorsed as has been stated were given by the court. Appellant's counsel makes no contention to the contrary, but insists that the bare failure of the trial judge to particularly indorse each instruction was error prejudicial to the appellant. It is not shown that the instructions were carried to the jury-room or that the jury was in any way misled by the absence of specific indorsements upon the documents. The law does not provide that instructions in a criminal case must be transmitted to the jury while it deliberates upon a verdict. Section 1137 of the Penal Code provides that the jury ''may'' take ''the written instructions given.'' If such had been the fact, it would be incumbent upon appellant to show that the jury received the written instructions and used them in its deliberations before any claim could be made of misleading or confusing effect arising from the failure of the judge to properly

indorse the same. Appellant concededly was advised as to
what the instructions were, as given and refused; he
was present with his counsel at the time the charge was
delivered and, observing any omission on the part of the
trial judge to indorse the proper statements upon the in-
structions, could have made application to have that done
at the time, or thereafter when the record was prepared.
The existence of the indorsements or the lack thereof could
have in no way influenced the verdict of the jury, and ap-
pellant is not here claiming that he was not advised or is
unable to ascertain which of the instructions set forth in
the record were actually given. The attorney-general con-
cedes that all of the unindorsed instructions were in fact
given.

[3] Appellant offered evidence by his own testimony
and that of his sister, brother-in-law, and a drug clerk,
tending to show that he could not have been at the house
of Mrs. Smith at "about" the time claimed. This testi-
mony so given did not exclude the possibility of defendant
having had the opportunity to be present at the place
charged, and at the time shown, but we may assume that
it would have justified the jury in so finding, and thus
give full effect to the argument of counsel in referring to
an instruction on the question of alibi as given by the
court. The particular part of the instruction objected to is
that which advised the jury that such a defense was cap-
able of being, and that it had been, "occasionally success-
fully fabricated," and that, when false, its detection might
be a matter of great difficulty, advising the jury further
that testimony offered for the purpose of establishing that
defense should be closely scrutinized. The case of *People*
v. *Smith,* 63 Cal. Dec. 637 [207 Pac. 518], is cited as hold-
ing that such an instruction is erroneous. Our supreme
court in *People* v. *Lee Gam,* 69 Cal. 552 [11 Pac. 183],
held an instruction in substance like that referred to to be
without error. Later, in the case of *People* v. *Levine,* 85
Cal. 39 [22 Pac. 969, 24 Pac. 631], and *People* v. *Latti-
more,* 86 Cal. 403 [24 Pac. 1091], the court disapproved of
the instruction, but in none of those cases held the error
to be sufficient to require a reversal of the judgment—this
because upon a consideration of the entire charge of the
court it appeared that the jury could not have been mis-

led. In *People* v. *Smith, supra,* the case of *People* v. *Roberts,* 122 Cal. 377 [55 Pac. 137], is referred to as holding a similar instruction to be reversible error. An examination of the latter decision will show that the case was reversed not because the instruction advised the jury to especially scrutinize evidence offered to sustain the defense of an alibi, but rather because the instruction there in effect required the jury to find that there was a ''preponderance'' of evidence in favor of the defense of alibi before such defense could be considered in the case; the law, of course, being that a reasonable doubt only is required to be raised in order to entitle the defendant to an acquittal. In this case it may be said, as was state by the court in *People* v. *Lattimore, supra:* ''The charge of the court, taken as a whole, was so full and fair to the defendant that we cannot see that any injury resulted to the defendant from this unnecessary instruction in regard to the scrutinizing of the evidence given in support of the defense of alibi.''

Appellant complains further of alleged prejudicial conduct on the part of the trial judge in asking leading questions of the defendant, which, it is argued, indicated to the jury a state of mind on the part of the judge adverse to the defendant. The record shows that the judge occasionally during the examination of defendant asked questions, but it was his right so to do and, considering all of those interrogatories, it cannot be said that they indicated an unfair attitude of mind, or that the asking of them would have the effect of influencing the jury unduly. This is not a case where the jury was called upon to balance with exceedingly close judgment the evidence offered on the part of the prosecution and defense. The case against the defendant was made out upon abundant evidence. He was clearly identified by the complainant and was arrested soon after the commission of the crimes while endeavoring to sell the diamond ring which had been taken from Mrs. Smith's finger at the time of the robbery. It was shown by his own admission that he had, at a prior time, been convicted of the crime of burglary in the state of Texas; that he had been convicted of the crime of burglary in the state of California, and that he was on parole from the state prison when the crimes herein charged were committed. An alleged error referring to the exhibi-

tion of a photograph in court calls for no particular discussion. Whether the jury saw the picture does not appear; if it did not, then no error resulted.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.