[Crim. No. 1039. First Appellate District, Division Two.—December 18, 1922.]

THE PEOPLE, Respondent, v. ANTONIO NAVARRO, Appellant.

[1] CRIMINAL LAW—PIMPING—PLEADING—EVIDENCE—SOURCE OF INCOME.—In this prosecution for pimping, the testimony of the prosecutrix was sufficient to prove that she was a prostitute and defendant knew her to be such, and the evidence was sufficient to support the allegation of the first count of the information that defendant solicited and received from the prosecutrix compensation for soliciting for her as such prostitute, and, also, the allegation of the second count that defendant lived and derived support and maintenance in whole or in part from the earnings and proceeds of the prostitution of the prosecutrix; and it was

immaterial that defendant did not actually receive from the hands of the prosecutrix any compensation for his work in soliciting for her, but merely stood at the door of her room and demanded and received the money from the men who entered without handing any of it over to her, and that he paid the room rent and purchased some meals for the prosecutrix and himself.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was convicted of the crime of pimping as denounced by the act of February 8, 1911. (Stats. 1911, p. 10.) This act provides in part: "Any male person who, knowing a female person to be a prostitute, shall live or derive support or maintenance in whole or in part from the earnings or proceeds of the prostitution of such prostitute . . . or who shall solicit or receive compensation for soliciting for such prostitute, shall be guilty of a felony. . . ." The information upon which defendant was tried was framed in two counts, the first charging him with soliciting and receiving compensation from the prosecutrix for soliciting for her prostitution knowing her to be such; and the second charging him with living and deriving support and maintenance in whole or in part from the earnings of such prostitution. The jury found the defendant guilty upon both counts.

[1] The appeal is from the judgment upon the grounds: (1) That the facts failed to establish the allegation of the first count that the defendant solicited and received from the prosecutrix compensation for soliciting for her as such prostitute; (2) that the evidence is insufficient to support the allegation of the second count that the appellant did "live and derive support and maintenance in whole or in part from the earnings and proceeds of the prostitution" of the prosecutrix; (3) that the evidence is insufficient to prove

that the prosecutrix was a prostitute or that the appellant knew her to be such.

Upon the third proposition the testimony of the prosecutrix while under examination by appellant's counsel is as follows: "Q. Are you a prostitute? A. No, I am not, but while I was with him I was. Q. While you were with him you were? A. Yes, sir." Other testimony was offered to show that during all the time the acts complained of were committed appellant and the prosecutrix were living together and that the acts of prostitution were committed by her at his solicitation and connivance. His knowledge of her prostitution cannot be doubted.

As to the first proposition, the point is that the appellant did not actually receive from the hands of the prosecutrix any compensation for his work in soliciting for her. The point is that the appellant stood at the door of her room and demanded and received the money from the men who entered without handing any of it over to her. The evidence is ample to support the allegation contained in the first count of the information.

As to the second proposition, the evidence is that prior to the time when the appellant and the prosecutrix entered into their relation he had been engaged in the business of driving a jitney bus from which he obtained his support and maintenance. The prosecutrix testified that when he went to live with her he abandoned this occupation and was engaged solely in soliciting for her; that he appropriated to himself all the earnings of the prosecutrix, which were unquestionably proceeds of her prostitution. It was shown that, during the period of their cohabitation, the appellant paid the room rent and purchased some meals for the prosecutrix and himself. It was not necessary to show that the money he received from her was used solely to pay his own living expenses.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.