[Crim. No. 4943.    Second Dist., Div. Three.    July 23, 1953.]

THE PEOPLE, Respondent, v. SALVATORE VINCENT GIAMBONE, Appellant.

Zeman & Hertzberg and Leland E. Zeman for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—This is an appeal from an order denying a motion for a new trial following two convictions in a nonjury trial of violations of Act 1907, Deering's General Laws, volume 1, page 856, in that on April 4, 1952 and on April 8, 1952, knowing one "Jennie" to be a prostitute, defendant did solicit and receive compensation for soliciting for said prostitute and lived and derived support and maintenance in whole or in part from the earnings and proceeds of the prostitution. Defendant's motion for new trial was denied and he was placed on probation upon the condition, among others, that he serve 6 months in the county jail. He gave notice of appeal from the order denying his motion for a new trial.

The statute creates separate offenses, namely, soliciting for a prostitute, and living and deriving support and maintenance from the earnings of prostitution. The information, in each count, charged the offenses in the conjunctive. The soliciting feature is not discussed in the briefs. The sole question argued is whether there was sufficient evidence that defendant lived and derived support and maintenance from the earnings of prostitution.

There was evidence of the following facts: Officers installed a microphone in an apartment over which they heard defendant call "Bonnie" (evidently an abbreviation of "Jennie's" middle name), and ask her to come to the apartment; the girl came as directed, was given a telephone number by defendant, called the number and arranged an assignation with a man; defendant called a cab for her which took her to the arranged destination; presently she returned, exhibited $50 as the proceeds of her visit and divided the same equally with defendant. On this occasion the girl admitted she had received $25 for another "trick" and, upon demand of defendant, divided it with him. Four days later defendant telephoned the girl again, she came to the apartment as directed, received a telephone number from defendant, called the number and arranged another assignation. In the meantime defendant telephoned one Lou Delgado to come over, saying the girl was going to do a trick for $50 and he, defendant, would get $25. Delgado appeared and he, defendant and the girl left together. The girl kept her appointment. Defendant and Delgado returned to the apartment; the girl later returned and when questioned by defendant as to how much she had received produced $50 and was then heard to say: "Sal, do not grab." The girl testified that she was 18 years of age, that on her first appointment she received $75 of which she

gave defendant $25. Defendant had expected her to get as much as $100 and accused her of cheating him. Between the first and second occasions defendant was heard to tell the girl that he had a book of names valued at $2,000, which he offered to sell to her for $50 as he was "busted" and in need of money. He told the officers the book had been given to him to be given to some prostitute.

Defendant did not deny the occurrences testified to by the officers. He claimed to have previously paid $50 to a doctor for medical treatment of the girl and that the money he received from her was merely reimbursement. It was stipulated that a named doctor would testify that he had treated the girl in the previous year and that his bill of $50 was paid by the defendant. Defendant says it was not proved that he received the money for his support or maintenance, in whole or in part, and that having advanced money for the girl its return was a legitimate business transaction. The girl testified that there was no arrangement for her to pay defendant the amount of the doctor's bill and that she did not understand she was paying him, although she admitted having received the treatments.

█ In order to establish that the accused lived and derived support and maintenance from the earnings of prostitution it is not necessary for the prosecution to prove that the money was expended for that purpose. (*People* v. *Navarro,* 60 Cal.App. 180 [212 P. 403].) █ It is not a defense that the accused had a sufficient income from other sources (*People* v. *Coronado,* 90 Cal.App.2d 762, 766-767 [203 P.2d 862]), where it was said that opulent violators of the statute are certainly more odious than impecunious ones. █ However, when defendant was arrested he had on his person only $25.67 and admitted to the officers that $25 of the amount had been received from the girl. He had also been heard to state that he was "busted" and in need of money, and for that reason was willing to sell a book of some one hundred names and telephone numbers for $50, when he considered it to be worth $2,000. Although, as defendant says, the officers listened in on their microphone for a week and overheard but two money transactions between defendant and the girl, we cannot agree with the contention of defendant that this was insufficient to justify an inference that defendant received the money for his partial support and maintenance. That he was in need of money for the necessities of life appeared from his own statement, if, indeed, such an inference was not reason-

ably to be drawn from the fact that he was engaged in the nefarious business described. Although he took the stand he did not testify that he was employed or had any means of livelihood other than half of the money the girl received from customers which he supplied. From the undisputed evidence and defendant's admissions he appeared to be a person who was living in whole or in part on the earnings of a prostitute.

■ While the point is not mentioned it may be questioned whether defendant was shown to be guilty of two offenses of living off the earnings of a prostitute, which is the only offense mentioned in the briefs. However this may be, no prejudice could result since in its order the court directed that the imprisonment on each count and the terms of probation run concurrently. (*People* v. *Dallas*, 42 Cal.App.2d 596, 604 [109 P.2d 409] ; *People* v. *Winthrop*, 88 Cal.App. 591, 597 [264 P. 263] ; *People* v. *Anderson*, 75 Cal.App. 365, 371 [242 P. 906] ; *People* v. *Sharp*, 58 Cal.App. 637, 639 [209 P. 266].)

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.