[Crim. No. 5210.   Second Dist., Div. One.   Nov. 4, 1954.]

THE PEOPLE, Respondent, v. THEOPOLIS E. JACKSON, Appellant.

Jefferson & Jefferson for Appellant.

Edmund G. Brown, Attorney General, and Robert H. Baida, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was convicted of the offense of pimping in violation of 1 Deering's General Laws, Act 1907 (Stats. 1911 p. 10; amended by Stats. 1921 p. 96), as charged in Count 3 of the information. Counts 1 and 2 thereof were dismissed.

This appeal is from the judgment.

Appellant urges that the evidence is insufficient 1. to sustain the judgment; 2. to establish venue of the alleged offense in Los Angeles County.

In connection with his first point, appellant urges that it was not sufficiently established that he solicited for the complaining witness, a prostitute; or that he lived or derived support or maintenance in whole or in part from her earnings.

The applicable portion of the statute under which appellant was charged (1 Deering's Gen. Laws, Act 1907, *supra*), provides:

"Any male person who, knowing a female person to be a prostitute, shall live or derive support or maintenance in whole or in part, from the earnings or proceeds of the prostitution of such prostitute . . . or who shall solicit or receive compensation for soliciting for such prostitute, shall be guilty of a felony, to wit: pimping, and upon conviction for an offense under this act shall be punished by imprisonment in the state prison for a period of not less than one year nor more than ten years."

The information in the case under consideration charges the offense in the conjunctive. Likewise, in *People* v. *Giam-*

*bone,* 119 Cal.App.2d 338 [259 P.2d 10]. There defendant was charged with soliciting *and* receiving compensation for soliciting for a prostitute *and* living *and* deriving support *and* maintenance in whole or in part from the earnings and proceeds of prostitution, and the court said at page 339: the "statute creates separate offenses, namely, soliciting for a prostitute, and living and deriving support and maintenance from the earnings of prostitution."

The record in this case discloses that in the fall of 1952, appellant was employed at a hotel in Los Angeles as an elevator operator and bell hop and that he lived in a house in southwest Los Angeles. The prosecuting witness, Mrs. Rosales, rented a room in appellant's house. He suggested that she engage in prostitution but she refused to do so. She testified that appellant compelled her to go with him to the hotel and register for a room. She did this and he escorted her to the room, locked her in, and later brought an unidentified man to her. They engaged in an act of prostitution for which Mrs. Rosales collected $5.00. Appellant returned to the room and took the money.

Thereafter for a period of several months, Mrs. Rosales engaged in prostitution in the hotel. Appellant arranged for her clients and took from her all of the money she received. He furnished her with carfare, clothing, groceries and meals.

Two witnesses testified that appellant brought Mrs. Rosales to their rooms in the hotel; that after engaging in an act of intercourse, appellant would call for Mrs. Rosales, take the money she had received and escort her back to her room. Both of these witnesses admitted having had intercourse with Mrs. Rosales and also conversations with appellant regarding her.

Appellant took the stand and admitted the two men approached him about getting a girl and that he called Mrs. Rosales and took her to their rooms.

The evidence is amply sufficient to establish not only that appellant solicited and received compensation therefor, but that he derived support and maintenance from the earnings of prostitution.

As stated in *People* v. *Giambone,* 119 Cal.App.2d 338, 340 [259 P.2d 10]:

"In order to establish that the accused lived and derived support and maintenance from the earnings of prostitution it is not necessary for the prosecution to prove that the money was expended for that purpose. (*People* v. *Navarro,* 60 Cal.

App. 180 [212 P. 403].)  It is not a defense that the accused had a sufficient income from other sources (*People v. Coronado*, 90 Cal.App.2d 762, 766-767 [203 P.2d 862]), where it is said that opulent violators of the statute are certainly more odious than impecunious ones."

The record also discloses sufficient evidence to establish the venue of the crime in Los Angeles County:

Mrs. Rosales testified that the Belmont Hotel, where the alleged offenses were committed, was located at Third and Hill Streets in Los Angeles. Mr. Brewster, who admitted having had intercourse with Mrs. Rosales, testified as follows:

"Q. Everything you testified to took place in the Belmont Hotel? A. Yes.

"Q. And it took place here in the County of Los Angeles? A. Yes, sir."

For the reasons stated, the judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied November 15, 1954, and appellant's petition for a hearing by the Supreme Court was denied December 3, 1954.