[Crim. No. 7793. Second Dist., Div. One. Mar. 1, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LORENZO
KENNEDY, Defendant and Appellant.

John H. Marshall for Defendant and Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of assault with a deadly weapon in violation of section 245 of the Penal Code, and pimping in violation of section 266h of the Penal Code.

In an information filed on February 16, 1961, in Los Angeles County, the appellant and his codefendant Mae Bell White were charged with assaulting Alice Robertson on January 1, 1961, with a deadly weapon and in count 2 the codefendants were charged with pimping, in that the codefendants knowing Alice Robertson, a female person, to be a prostitute, lived and derived support and maintenance from the earnings of her prostitution.

Appellant pleaded not guilty. In a trial without a jury appellant was found guilty as charged in counts 1 and 2. A motion for a new trial was denied. Probation was denied and appellant was duly sentenced. The appeal is from the judgment.

A résumé of some of the facts is as follows: Alice Robertson in 1959 was 19 years of age and employed in a restaurant. Mae White came into the place of business where Alice was employed and talked with her. Later that same day Mae White and Alice Robertson met the appellant and talked with him with reference to prostitution. Appellant took Miss Robertson onto the streets with the codefendant White. The appellant told Alice Robertson that he wanted her to be his woman, that she would give him her money and he would pay

the rents, take care of the bills and give her such money as she might need. Later that night Miss Robertson had several acts of prostitution. The codefendant White was with her and showed her the places where she could conduct her activities, advised her what to charge and how much she should pay for the rented room or rooms.

Later when Miss Robertson resided on Budlong Street the appellant paid the rent for her facility. Each night after Miss Robertson and the codefendant White completed their prostitution activities appellant would pick them up and take them to his house where the women would give to him the money which they had acquired during the evening. Miss Robertson gave the appellant, during the early part of 1959, more than $1,000. Appellant also rented an apartment for Miss Robertson on 27th Street. She worked for the appellant through 1959 and 1960. In her work as a prostitute she obtained considerable sums of money and gave the same to the appellant.

Before January 1961 Miss Robertson went to the appellant's house to stay, where she continued to obtain money for the appellant from her work as a prostitute. On January 1, 1961, Miss Robertson told appellant that she wanted to leave and an argument ensued with reference to another girl in whom appellant was apparently then interested. Miss Robertson asked for the key to the back of the car so that she could secure some of her things and clothes from the car. Appellant apparently did not see fit to give Miss Robertson the key as she desired and she started through a doorway and he immediately commenced to throw certain things at her. She called the police. He had a stick and beat her upon the head with it. He also hit her in the mouth with his fist. She ran downstairs and was followed by the appellant. At the bottom of the stairs Miss Robertson fell down. She told the appellant that if he hit her again she was going to have him put in jail. The appellant called codefendant White and told her to beat the brains out of Miss Robertson. Codefendant White then took the stick which appellant had and struck Miss Robertson upon the head. As a result of the melee Miss Robertson had to have eight stitches taken in her head and lost a tooth. The police arrived and stopped the brawl. On January 2, 1961, an officer talked with appellant and asked appellant how he happened to become involved in the matter, to which appellant replied, "Well, you know, Kelley, that we have to keep these girls in line."

Appellant asserts that the evidence was insufficient to support the pimping charge, that the court erred in refusing to permit certain evidence to be introduced, and further that he was prejudiced by his own attorney's putting into issue the matter of trial counsel's integrity.

Appellant also contends that there was no showing made to the effect that he used the money which he received from Miss Robertson in his support and maintenance. There is no merit to the contention. See *People* v. *Giambone,* 119 Cal.App.2d 338, 340 [259 P.2d 10], where it is stated:

"In order to establish that the accused lived and derived support and maintenance from the earnings of prostitution it is not necessary for the prosecution to prove that the money was expended for that purpose. (*People* v. *Navarro,* 60 Cal. App. 180 [212 P. 403].) It is not a defense that the accused had a sufficient income from other sources (*People* v. *Coronado,* 90 Cal.App.2d 762, 766-767 [203 P.2d 862]), where it was said that opulent violators of the statute are certainly more odious than impecunious ones." (See *People* v. *Courtney,* 176 Cal.App.2d 731, 740 [1 Cal.Rptr. 789].)

The appellant received considerable money from Miss Robertson, whom he knew to be a prostitute, and under the circumstances the evidence is sufficient to support the pimping charge.

We likewise think that there is no merit to the assertion by the appellant to the effect that the trial judge erred in treating certain hereinafter-referred-to matters as irrelevant and immaterial. During the cross-examination of Miss Robertson she was asked whether she had been in other fights. The court in effect sustained an objection to the question. It is the rule that when the evidence shows an attack on someone other than the defendant such evidence is not admissible. (*People* v. *Keys,* 62 Cal.App.2d 903, 912 [145 P.2d 589]; *People* v. *Wong,* 83 Cal.App.2d 60, 69 [187 P.2d 828]; *People* v. *Soules,* 41 Cal.App.2d 298, 305-306 [106 P.2d 639].)

The evidence under some circumstances may have been pertinent as to the codefendant White but it was not admissible as to appellant.

Counsel failed in his duty to point out to the court wherein such evidence was proper. (*People* v. *Murdock,* 183 Cal.App. 2d 861, 868 [7 Cal.Rptr. 293].) Furthermore in this case the witness answered the question in the negative before the objection was made and the answer was never stricken from the record.

While cross-examining a police officer counsel asked if Miss Robertson was booked following the disturbance here in question and the policeman answered in the affirmative. The officer was then asked if she was booked on a charge of assault with a deadly weapon and an objection was immediately made to such question and was sustained by the court. Counsel gave no reason as to why he wished such evidence to be introduced. ■ If it was for the purpose of impeaching Miss Robertson by showing former arrests it was not proper. (*People* v. *Hamilton,* 33 Cal.2d 45, 50 [198 P.2d 873] ; *People* v. *Chandler,* 152 Cal.App.2d Supp. 916, 920 [313 P.2d 223].)

■ In the cross-examination of an officer the officer was asked whether Miss Robertson at the time of the arrest had taken a club from one of the officers and attempted to strike either codefendent White or appellant. An objection to such question was sustained. No reason was given by counsel for the admission of such evidence. It was not admissible to show dangerous character of the victim. See Witkin, California Evidence, page 155, where it is stated :

''Some authorities allow proof of the dangerous character of the victim by evidence of his specific acts of violence. (See 2 Wigmore, § 248; 121 A.L.R. 380.) But the California cases seem to approve only evidence of *previous* threats or attacks on the defendant himself, in which event they are admitted to show his reasonable apprehension of danger. [Citing cases.] Where the evidence consists of previous attacks on others it is excluded. [Citing cases.]'' (Emphasis added.)

In the cross-examination of the officer who related that appellant stated to him, ''Well, you know, Kelley, that we have to keep these girls in line,'' counsel asked the officer whether appellant had a good sense of humor. An objection was sustained to the question. Counsel stated that it was relevant to show whether the statement was made with levity and the court announced that he saw nothing funny about it. ■ The trier of fact is to determine the meaning of an admission from the words used and the circumstances. (*Robinson* v. *Robinson,* 159 Cal. 203, 205 [113 P. 155].) In any event the question was not properly framed.

■ Appellant further argues that the judge unduly restricted him in his efforts to show jealousy upon the part of Miss Robertson. Counsel asked codefendant White for her opinion as to whether Miss Robertson was jealous of her. The judge properly advised counsel of his error in framing the

question and told him that anything with reference to their relationship concerning prostitution, pimping, pandering or assault with a deadly weapon could be gone into. Opinion evidence is not ordinarily acceptable under the circumstances as indicated in this case. (*Moore* v. *Norwood,* 41 Cal.App.2d 359, 366 [106 P.2d 939]; *State* v. *Stockhammer,* 34 Wash. 262 [75 P. 810, 811]; *Tower* v. *Humboldt Transit Co.,* 176 Cal. 602, 609 [169 P. 227]; *Central Heights Improvement Co.* v. *Memorial Parks,* 40 Cal.App.2d 591, 609 [105 P.2d 596].)

Appellant while testifying stated in effect that Miss Robertson had been bribed in another case in another court where the appellant was a witness. Counsel neglected to lay any proper foundation for such evidence of inconsistency or otherwise. Obviously the court ruled that such proposed testimony was objectionable.

Apparently in the questioning of Miss Robertson appellant sought to show that she had previously been arrested and tried in other cases involving prostitution. A witness cannot be impeached by a showing that he was convicted of a misdemeanor. (*People* v. *Chandler,* 152 Cal.App.2d Supp. 916, 920 [313 P.2d 223]; *People* v. *White,* 142 Cal. 292, 294 [75 P. 828].)

In considering the final contention of appellant it is to be noted that the trial counsel of appellant asked Miss Robertson if she had not initialed certain papers and made certain statements in his presence and she answered in the negative. It is now asserted that this brought into question the integrity of appellant's attorney. This case was tried by a learned trial judge who had considerable experience in trying criminal cases both as a judge on the bench and in defense work prior to his becoming a judge. He obviously was not prejudiced against the appellant. Furthermore appellant cannot complain of the activities of his own attorney. (*People* v. *Barreras,* 181 Cal.App.2d 609, 619 [5 Cal.Rptr. 454].)

Our reading of the record convinces us that there was no substantial error committed in the trial of the cause. However in the event there was any error it certainly was not prejudicial and sufficient in any event to require a reversal. (Cal. Const., art. VI, § 4½.)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.