[Crim. No. 21157. First Dist., Div. Three. Dec. 31, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
GRADY MICHAEL JACKSON, Defendant and Appellant.

COUNSEL

S. Chandler Visher, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BARRY-DEAL, J.**—Defendant and appellant Grady Michael Jackson appeals from a judgment entered after a jury found him guilty of pimping (Pen. Code, § 266h), pandering (Pen. Code, § 266i), and contributing to the delinquency of a minor (Pen. Code, § 272). His sole contention on appeal is that as a matter of law the evidence was insufficient to support the verdict finding him guilty of pimping. We disagree and therefore affirm the judgment.

Appellant's contention is legal in nature; he does not dispute that, when viewed in a light most favorable to the judgment, the evidence showed the following: Appellant and Marsha Hopkins (Cindy) met Tammy, a 16 year old, in a Portland, Oregon bus station while she was waiting to take a bus to her home in Michigan. Tammy, who had just a few dollars, was not at that time, and had never been, a prostitute. Appellant and Cindy befriended her and persuaded her to accompany them to San Francisco, where appellant said Cindy would help Tammy find a job which paid well. Upon their arrival it became clear that the "job" was working the streets as a prostitute.

At appellant's and Cindy's instigation, Tammy accompanied Cindy in walking the streets; and on one occasion she engaged in an act of prostitution for which she received $33. Cindy explained that whatever they made was defendant's. They returned to the Oasis Motel where appellant was waiting; Cindy put $54 (including Tammy's $33) on the bed; appellant picked it up. Four days later Tammy was arrested for prostitution; she received immunity in return for her testimony against appellant.

■ Appellant contends that Tammy's single act of prostitution cannot, as a matter of law, support a finding that he was a pimp, which is defined in Penal Code section 266h as "[a]ny person who, knowing another person is a prostitute, lives or derives support or maintenance in whole or in part from the earnings or proceeds of such person's prostitution . . . ."

Appellant relies principally on *People* v. *Lewis* (1978) 77 Cal.App.3d 455 [143 Cal.Rptr. 587], which is not in point. Defendant there was convicted of four separate counts of pimping. Each count involved the same prostitute; they differed only as to the date of the charged transaction. The Court of Appeal held that defendant had been improperly subjected to multiple convictions for only one criminal act. In this context the court said, "Reasonable interpretation of the statutory definition leads to but one conclusion—that the legislative intent was that living or deriving support or maintenance from the earnings of a prostitute or proceeds of her prostitution knowing her to be a prostitute is an ongoing continuing offense that occurs over a period of time." (*Id.*, at p. 462.) The issue before us was not presented in *Lewis*, and we agree with the People that *Lewis* does not stand for the proposition that conduct which otherwise meets the requirements of the statute does not

amount to pimping if the prosecution fails to establish an ongoing relationship between defendant and the prostitute.

The purpose of section 266h is "to discourage any...person from soliciting or receiving material gain from the practice of prostitution." (*People v. Smith* (1955) 44 Cal.2d 77, 80 [279 P.2d 33].) The provision discourages prostitution "by discouraging persons other than the prostitute from augmenting and expanding a prostitute's operation, or increasing the supply of available prostitutes." (*People v. Hashimoto* (1976) 54 Cal.App.3d 862, 867 [126 Cal.Rptr. 848].) Penal statutes are to be construed "according to the fair import of their terms, with a view to effect [the Penal Code's] objects and to promote justice." Appellant's construction not only strains the clear wording of the statute but would tend to subvert its purposes.

Decisions cited by the People make clear that the amount of money which defendant receives from the prostitute is irrelevant for purposes of a pimping conviction. (E.g., *People v. Courtney* (1959) 176 Cal. App.2d 731 [1 Cal.Rptr. 789] [two acts of prostitution; defendant received $20 from the first and an undisclosed amount from the second].) "In order to establish that the accused lived and derived support and maintenance from the earnings of prostitution it is not necessary for the prosecution to prove that the money was expended for that purpose. [Citation.] It is not a defense that the accused had a sufficient income from other sources ...." (*People v. Giambone* (1953) 119 Cal.App.2d 338, 340 [259 P.2d 10].)

The evidence produced by the prosecution showed that, in the words of the statute, appellant "derive[d] support or maintenance...in part" from the earnings of the young woman whom he had induced to become a prostitute. The trial court properly instructed the jury, and its verdict was supported by this evidence.

The judgment is affirmed.

White, P. J., and Scott, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 25, 1981.