SPAETH v. DE WITT.

(Supreme Court, Appellate Term. May 24, 1910.)

ELECTION OF REMEDIES (§ 10*)—KNOWLEDGE OF FACTS—ACTION AGAINST. AGENT—UNDISCLOSED PRINCIPAL.

Where a judgment was recovered against a husband for goods sold, and plaintiff discovered that the husband was merely an agent for his wife, the judgment not having been paid, an action may be maintained against the wife for the goods, which were in fact sold to her; the doctrine of election of remedies having no application.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 13; Dec. Dig. § 10.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by George Spaeth against Annie De Witt. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Paul M. Crandall, for appellant.
Crane & Baer, for respondent.

SEABURY, J. Plaintiff sold goods on credit to the husband of the defendant. He sued the defendant's husband, and recovered judgment. In proceedings supplementary to execution upon said judgment, the plaintiff ascertained that the defendant was the principal, and that in purchasing the goods her husband acted merely as her agent. The judgment against the defendant's husband has not been paid, although plaintiff filed a satisfaction piece of the judgment "for the purpose of bringing this action."

It clearly appears that the defendant was the undisclosed principal, for whom her husband acted as agent. The fact that she was the principal was not disclosed until judgment had been recovered against the agent. This judgment not having been paid, and the principal now having been disclosed, the plaintiff may maintain an action against her for the goods which were in fact sold to her. The doctrine of election of remedies has no application to this case. Tew v. Wolfsohn, 77 App. Div. 454, 79 N. Y. Supp. 286, and cases cited, affirmed 174 N. Y. 272, 66 N. E. 934.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.