ROBERTS ET AL., RESPONDENTS, *v.* OECHSLI ET AL., APPELLANTS.

(No. 3,897.)

(Submitted March 15, 1918. Decided April 22, 1918.)

[172 Pac. 1037.]

*Mining Claims—Adverse Suits—Evidence—New Trial—Newly Discovered Evidence—Curing Error—Findings—When Conclusive.*

Evidence—Erroneous Exclusion—Curing Error.
1. Error in sustaining an objection to testimony was cured by later permitting the witness to answer the same question.

Same—Exclusion, When Proper.
2. Evidence which, if admissible, was a part of defendants' case in chief was properly excluded after they had rested and plaintiffs had introduced their evidence in rebuttal.

Mining Claims—Adverse Suits—Representation Work—Immaterial Evidence.
3. In an action to determine an adverse claim to mining property on application for patent, proof that defendants had done $500 worth of representation work upon the claim was properly excluded, such inquiry, though material before the land office, being immaterial in an adverse suit.

Same—Findings—When Conclusive.
4. The finding of the district court in an adverse suit based upon evidence which is in irreconcilable conflict will not be interfered with on appeal.

New Trial—Newly Discovered Evidence—Proper Refusal.
5. Where alleged newly discovered evidence is merely cumulative, a new trial on that ground was properly refused.
[As to what is cumulative evidence within the rule excluding it when offered as newly discovered evidence in support of motion for new trial, see note in **Ann. Cas.** 1913D, 157.]

Same—Proper Refusal of Motion.
6. Newly discovered evidence as a ground for a motion for new trial must be evidence discovered after the trial which is material and which

the moving party could not with reasonable diligence have discovered and produced at the trial, it being incumbent on such party to disclose by his own affidavit that the new evidence was not known to him at the time of the trial.

*Appeals from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by E. A. Roberts and D. M. Morgan against George Oechsli, P. A. Comer and E. F Mayer. Judgment for plaintiffs and defendants appeal from it and from an order denying their motion for a new trial. Affirmed.

*Mr. William Meyer,* for Appellants, submitted a brief and argued the cause orally.

*Mr. J. E. Healy,* for Respondents, submitted a brief, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Defendants made application for patent for the Hugo quartz lode mining claim, and plaintiffs adversed and brought this action to have determined the relative rights of the parties to portions of the ground claimed by each. From a judgment in favor of plaintiffs and from an order denying a new trial defendants appealed.

1. Complaint is made that the court unduly restricted the cross-examination of one of the plaintiffs, but the record discloses that the widest latitude was allowed in the cross-examination of all the witnesses.

2. Plaintiff Morgan was asked to state his reason for joining [1] Roberts as a co-owner in the Fawn claim, and though an objection to the question was sustained, the question was thereafter repeated and the witness answered that his only reason for doing so was that Roberts had theretofore shown him a like favor with reference to a claim in the Cable district. The error, if any, was cured. (*Titus* v. *Anaconda Copper Min. Co.,* 47 Mont. 583, 133 Pac. 677.)

3. After defendants had rested and plaintiffs had introduced
[2] their evidence in rebuttal, defendants called a witness and
sought to show that the Hugo location covered the same ground
as the May claim which had been abandoned. If the evidence
was admissible for any purpose, it was a part of defendants'
case in chief, and for this reason the ruling excluding it was not
erroneous. There must be an end to the trial of a lawsuit some
time, and a party cannot be permitted to introduce new subjects
of inquiry at any stage of the proceedings.

4. Defendants complain that they were not permitted to prove
[3] that they did certain annual representation work upon the
Hugo claim and also the required amount of work to entitle them
to patent. There was no question of forfeiture or abandonment
involved, and whether they did work of the value of $500 might
have been a proper inquiry before the land office, but could not
become material in the trial of an action of this character.
(*Wilson* v. *Freeman,* 29 Mont. 470, 68 L. R. A. 833, 75 Pac. 84.)

5. The principal contention is that the findings are not sup-
ported by the evidence. Plaintiffs assert ownership, as against
[4] everyone but the United States, of the Fawn claim located
by them on January 1, 1912. Defendants assert like ownership
to the Hugo claim located in 1906. On the conflicting portions
of the two claims is the discovery shaft of the Fawn and the
discovery cut of the Hugo. It is the contention of plaintiffs that
between January 1 and 15, 1912, they sunk their discovery shaft
five feet by five feet and ten feet deep in virgin ground within
the limits of their claim, and that there were not then any indi-
cations of work done at the same place by anyone else. Defend-
ants contend that in 1906 they excavated an open cut four feet
by four feet and ten feet long within the limits of the Hugo
claim as their discovery cut, which cut was at the same place as
the discovery shaft afterwards sunk by the plaintiffs. A num-
ber of witnesses testified in support of each of these contentions.
The evidence is irreconcilable. The question before the trial
court was one of veracity, and having the superior advantage of
seeing the witnesses and observing their demeanor, we cannot

say from the printed record that a different conclusion was commanded.

Plaintiffs further offered evidence to the effect that the Hugo claim as located did not conflict with the Fawn, but that after the Fawn location was completed, defendants moved the corner posts of the Hugo claim so as to include the Fawn discovery shaft within the limits of the Hugo. The presiding judge viewed the premises and found generally for plaintiffs and that defendants' claim to the ground in dispute is without right. The evidence was reviewed on motion for new trial and the motion was denied. Defendants have the burden of showing that the evidence preponderates against the findings (*Gibson* v. *Morris State Bank,* 49 Mont. 60, 140 Pac. 76), and in this respect they have failed.

6. In support of their motion for a new trial defendants tendered the affidavit of John W. Wade, to the effect that he had visited the ground in dispute, between 1906 and 1912, and had observed the open cut within the boundaries of the Hugo.claim and at the point where plaintiffs' discovery shaft is sunk. Defendants cannot complain of the order denying them a new trial upon the ground of newly discovered evidence, for two reasons:

(1) The testimony of Wade was merely cumulative. (*Garfield M. & M. Co.* v. *Hammer,* 6 Mont. 53, 8 Pac. 153; *State* v. *Jones,* 32 Mont. 442, 80 Pac 1095.) [5]

(2) Wade's affidavit discloses that when he went upon the ground in 1907, it was defendant Comer who pointed out to him the Hugo claim and the discovery cut, so that one of these defendants knew that Wade was in possession of the facts seven years before this case was tried, and these considerations alone fully justified the court's order; but furthermore, the affidavit of defendants Oechsli and Mayer recites that at the request of defendants, Wade came to Butte on July 14, 1914, and went over the ground to refresh his recollection and verify the impressions gained by his prior visits. The record discloses that the trial of this case commenced on July 15, 1914; so that, if the statement is accurate, the other defendants knew of Wade's informa- [6]

tion the day before the trial. There are conflicting statements in this affidavit, and it may be that the date "July 14, 1914," is erroneous, but even so, there is not anything in the record which even tends to excuse the negligence of defendant Comer in failing to have Wade present at the trial. Newly discovered evidence as a ground for a motion for new trial must be evidence discovered after the trial, which is material and which the moving party "could not with reasonable diligence have discovered and produced at the trial" (sec. 6794, Rev. Codes); and the moving party must disclose by his own affidavit that the new evidence was not known to him at the time of the trial. (*Smith* v. *Shook,* 30 Mont. 30, 75 Pac. 513.)

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.