JENKINS, APPELLANT, *v.* KITSEN, RESPONDENT.

(No. 4,631.)

(Submitted January 31, 1922.   Decided March 9, 1922.)

[205 Pac. 243.]

*Claim and Delivery—Identity of Chattel—Evidence—Admissibility—New Trial—Diligence—Newly Discovered Evidence—Affidavit—Insufficiency—"Cumulative" Evidence.*

New Trial—Affidavit of Movant—Contents.

1. A party moving for a new trial on the ground of newly discovered evidence must disclose due diligence, *i. e.,* he must show by his own affidavit that the new evidence was not known to him at the time of the trial and could not have been discovered by the exercise of reasonable diligence.

Same—Affidavit—Insufficiency.

2. Where the affidavit of diligence of a party moving for a new trial did not mention a witness who made affidavit in support of the motion, there was no showing of diligence as to him and his affidavit therefore furnished no ground for a new trial.

Same—Newly Discovered Evidence Cumulative in Nature.

3. Newly discovered evidence which is a mere repetition of testimony of another witness is cumulative and furnishes no basis for a motion for new trial.

Same—Irrelevant or Immaterial Newly Discovered Evidence Insufficient.

4. For evidence to be produced by a new witness which, if offered, would be irrelevant and immaterial, a new trial may not be granted.

Same—Claim and Delivery—Not Warranted for Newly Discovered Evidence of Nonexpert Witness Based on Description of Chattel Made Known to Him by Another.

5. To make the opinion of a nonexpert witness upon the question of the identity of a person or thing admissible, it must be based upon personal knowledge and the result of the witness' recollection of the person or thing to be identified; therefore, an affidavit of a newly discovered witness whose opinion as to the identity of a calf, the subject matter of an action in claim and delivery, was based solely upon a description given him by plaintiff, was insufficient to warrant the granting of a new trial, since his evidence, if offered upon a retrial, would have to be excluded as incompetent.

Same—"Cumulative" Evidence—What Does not Constitute.

6. The question whether evidence is "cumulative" within the meaning of section 10503, Revised Codes of 1921, does not depend upon the quantity or probable effect of the evidence, but upon its character, and if it brings to light some new and independent fact of a different character than that theretofore elicited, though tending to prove the same proposition or ground of claim before canvassed, it is not cumulative.

6. What is cumulative evidence within rule excluding it when offered in support of motion for new trial, see note in Ann. Cas. 1913D, 157.

Same—"Cumulative" Evidence—What Constitutes.
    7.  In an action in claim and delivery, alleged newly discovered evidence which tended to prove plaintiff's ownership in the chattel by the same character of evidence as that given at the trial by plaintiff and her husband, was cumulative, and therefore did not warrant the granting of a new trial.

*Appeal from District Court, Meagher County; John A. Matthews, Judge.*

ACTION by Maggie J. Jenkins against Charles Kitson. From an order denying a new trial, plaintiff appeals. Affirmed.

*Mr. Earle F. Angell* and *Mr. E. D. Phelan,* for Appellant, submitted a brief; *Mr. Phelan* argued the cause orally.

Where the newly discovered evidence is not that of eye-witnesses, whose presence could have been ascertained by investigation, but of persons who had conversations with the adverse party, the motion will not be denied on the ground of lack of diligence, as the moving party is not expected to make inquiries as to who, among the adverse party's neighbors, had had conversations with him in reference to the transaction in question. (*Moran* v. *Friedman,* 88 Hun, 515, 34 N. Y. Supp. 911, 69 N. Y. St. Rep. 74.) So, also, when the newly discovered evidence consists of statements made to a third person, the fact that a party had no reason to suspect that they had been made is a sufficient showing of diligence to entitle him to a new trial. (*Murray* v. *Weber,* 92 Iowa, 757, 60 N. W. 492.) Where defendant at the trial knew nothing of certain admissions of a material nature made by plaintiff to a witness, he was not guilty of negligence in not procuring such evidence, so as to prevent a new trial on the ground of newly discovered evidence. (*Bullard* v. *Bullard,* 112 Iowa, 423, 84 N. W. 513; *Mally* v. *Mally,* 114 Iowa, 309, 86 N. W. 262; *Schnee* v. *Dubuque,* 122 Iowa, 459, 98 N. W. 298.)

The newly discovered evidence set forth in the affidavits is not cumulative, taken as a whole. The fact that some matters therein set forth of a material nature are cumulative should not operate to the appellant's prejudice. While, as a general

rule, a new trial will not be granted upon the ground of newly discovered evidence which is merely cumulative, yet such rule has its exceptions, and should not be invoked where its application would tend to defeat the accomplishment of substantial justice. (*Brennan* v. *City of Seattle,* 39 Wash. 640, 81 Pac. 1092.)

*Messrs. O'Leary & Doyle,* for Respondent, submitted a brief; *Mr. W. F. O'Leary* argued the cause orally.

Cumulative evidence is usually defined to be "additional evidence to support the same point and which is of the same character with evidence already produced." (*State* v. *De Marias,* 27 S. D. 303, Ann. Cas. 1913D, 154 and note, 130 N. W. 782.) To determine in any particular case whether newly discovered evidence is cumulative, we must look at its character or kind. We must next look at the character and kind of the evidence on the former trial touching the point to which the newly discovered evidence relates. If on such comparison we find that they resemble in character and in kind, then the newly discovered evidence is merely cumulative; otherwise, though it bears on the same point or issue as the former evidence, it is not cumulative. (*Grogan* v. *Chesapeake etc. R. Co.,* 39 W. Va. 415, 19 S. E. 563.)

We contend, further, that although the newly discovered evidence as disclosed by the affidavits was not cumulative, still the appellant has not put herself in a position to secure a new trial on the ground of newly discovered evidence, for the reason that she does not show due diligence, or that she will be able to produce the newly discovered evidence upon a new trial. Neither in her affidavit, nor in the affidavits of any of the witnesses, does she or they state that the newly discovered evidence can or will be produced; and unless such a showing is made in the affidavit, a new trial will not be granted. "The appellant's affidavit should allege that she expects to be able to produce the newly discovered evidence upon a new trial."

(29 Cyc. 997, par. 4; *Martin* v. *Corscadden,* 34 Mont. 308, 86 Pac. 33.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action in claim and delivery was brought to recover the possession of ten head of yearling calves. The defendant prevailed in the lower court, and plaintiff appealed from an order denying her a new trial. The application for a new trial was based upon the ground of newly discovered evidence, and the new evidence is set forth in five affidavits, made, respectively, by the affiants Grant, Blake, Michael, Ellis and Hughes.

It is elementary that the party moving for a new trial on [1,2] the ground of newly discovered evidence must disclose due diligence; that is to say, he must show by his own affidavit that the new evidence was not known to him at the time of the trial and could not have been discovered by the exercise of reasonable diligence. (Sec. 9397, Rev. Codes 1921; *Roberts* v. *Oechsli,* 54 Mont. 589, 172 Pac. 1037.)

There was submitted an affidavit made by the plaintiff, and evidently intended as an affidavit of due diligence; but nowhere in it does she refer to the affiant Grant, and, so far as this record is concerned, plaintiff may have known, at the time of the trial, every fact disclosed by Grant's affidavit. In other words, as to that affiant there is not any showing of diligence whatever, and for this reason Grant's affidavit did not furnish any ground for a new trial. (*In re Colbert's Estate,* 31 Mont. 477, 107 Am. St. Rep. 439, 3 Ann. Cas. 952, 78 Pac. 971, 80 Pac. 248.)

The only relevant matter contained in Blake's affidavit con-[3] sists of a statement which is a mere repetition of testimony given by the witness McConaha at the trial. It is cumulative merely, and for this reason furnishes no basis for the motion. (*State* v. *Matkins,* 45 Mont. 58, 121 Pac. 881.)

The affidavit of Michael confines his testimony to a conver-[4] sation had by him with one W. D. Brodock, in which

conversation Brodock made reference to cattle belonging to plaintiff, but the cattle which furnish the subject of the conversation are not identified in any manner as the cattle in dispute, while the record discloses that plaintiff had more than sixty head of cattle other than those involved in this litigation. The evidence to be produced by Michael is irrelevant and immaterial, and for this reason that affidavit cannot be considered as furnishing any basis for a new trial. (*Surman* v. *Cruse,* 57 Mont. 253, 187 Pac. 890.)

Ellis in his affidavit states that in the fall of 1915 he fed [5] some cattle belonging to the plaintiff; that among the number was a yellow cow with a red heifer calf. He states further, that plaintiff has described to him the calves involved in this litigation, and that he believes that one of them is the identical calf which he fed. A nonexpert witness may express an opinion upon the question of identity, provided he possesses the necessary knowledge to enable him to form an intelligent opinion (22 C. J. 597; *Porter* v. *Hawkins,* 27 Mont. 486, 71 Pac. 664), but the opinion must be based upon personal knowledge, and must be the result of the witness' recollection of the person or thing to be identified. The opinion expressed by Ellis in his affidavit is based solely upon a description of the cattle given to him by the plaintiff, and whether that description was minute or vague is not disclosed. The evidence, if offered upon a new trial, would be excluded as incompetent. (*Woodward* v. *State,* 4 Baxt. (Tenn.) 322; *People* v. *Gray,* 148 Cal. 507, 83 Pac. 707; Lawson on Expert and Opinion Evidence, 2d ed., 324.) In 2 Jones' Commentaries on Evidence, section 361, the rule is stated as follows: "An opinion as to identity of a person based solely upon the statement of another is not admissible to prove identity. The rule applies as well to the identification of things as of persons."

Upon the trial of this case, plaintiff and her husband each [6, 7] testified that the calves in controversy belong to plaintiff; that plaintiff owned the mother of each of the calves and raised the calves; that each of the mothers was branded with

plaintiff's brand, "5 T"; that each of the witnesses had seen the calves with their mothers very frequently from the time the calves were born up to the time they were missed from plaintiff's ranch in the spring of 1916; that soon thereafter each of the witnesses saw the same calves then branded with defendant's brand in the Oliver Brodock field; and that each saw the same calves, or nine of them, when taken by the sheriff at the time this action was commenced.

The affiant Hughes states in his affidavit that in the fall of 1915 he was in charge of the Dana ranch; that one of his duties was to keep livestock not belonging to the Dana outfit off of that ranch; that on several occasions he drove away from the ranch cattle belonging to the plaintiff; that his attention was called particularly to two cows, each branded "5 T," and to their calves, one a black cow with a red bull calf, and a red cow with a red bull calf with white markings between its front legs and with a white spot in its forehead; that neither of the calves was then branded; that in the spring of 1916 he saw the same two calves, then branded with defendant's brand, in a field belonging to Oliver Brodock, defendant's father-in-law and partner in the livestock business, and that one of the calves taken by the sheriff at the commencement of this action was the red calf referred to above which he had driven from the Dana ranch the fall before.

No difficulty is encountered in defining the term "cumulative evidence." Section 10503, Revised Codes of 1921, declares, "Cumulative evidence is additional evidence of the same character to the same point," and this definition is accepted by the authorities generally. (3 Ency. of Evidence, 915, and cases cited.) It is in the application of the definition to a given state of facts, that difficulties are encountered. In *Berry* v. *State*, 10 Ga. 511, the general rules which govern a court in determining whether a sufficient showing has been made to warrant a new trial on the ground of newly discovered evidence are set forth. Those rules have been adopted by this

court and reference is made to them in *State* v. *Matkins* above; in *State* v. *Van Laningham,* 55 Mont. 17, 173 Pac. 795, and in other cases. The fourth rule provides that the court must be satisfied: "That it [the new evidence] is not cumulative merely—that is, does not speak as to facts in relation to which there was evidence at the trial." If the explanatory clause was ever intended as a definition of cumulative evidence, it is altogether too narrow. It is not the quantity or probable effect of the evidence, but its character which determines whether it is cumulative. (Sec. 10503, above; *Guyot* v. *Butts,* 4 Wend. (N. Y.) 580; 3 Ency. of Evidence, 916.)

In *Waller* v. *Graves,* 20 Conn. 305, the court said: "There are often various distinct and independent facts going to establish the same ground, on the same issue. Evidence is cumulative which merely multiplies witnesses to any one or more of these facts before investigated, or only adds other circumstances of the same general character. But that evidence which brings to light some new and independent truth of a different character, although it tend to prove the same proposition or ground of claim before insisted on, is not cumulative within the true meaning of the rule on this subject."

With these observations in mind, the rules above adverted to may be accepted without further qualification.

It is our conclusion that the evidence contained in the affidavit of Hughes is cumulative within the meaning of our statute, not because it is corroborative of other evidence given at the trial or because it tends to establish plaintiff's ownership to the cattle in question, but because it tends to prove that ultimate fact by the same character of evidence as that given upon the trial by plaintiff and her husband.

We have analyzed the affidavits for the purpose of determining whether there is any substantial ground for the motion, and conclude that the trial court did not abuse its discretion. In passing, we may say that plaintiff's affidavit of diligence

falls far short of meeting the requirements of the rule announced in *Colbert's Estate*, above, (opinion on rehearing).

The order is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Cooper and Galen concur.

Mr. Justice Reynolds, being absent, takes no part in the foregoing decision.