WILBER, APPELLANT, *v.* WILBER, RESPONDENT.

(No. 4,812.)

(Submitted May 29, 1922. Decided June 26, 1922.)

[207 Pac. 1002.]

*Claim and Delivery—Excessive Damages—Interest—New Trial.*

New Trial—Order General in Terms—Affirmance, When.
    1. An order granting a new trial in general terms must be sustained on appeal if it can be upon any ground specified in the notice of intention and urged upon the trial court.

Claim and Delivery—Excessive Damages—New Trial—Affirmance of Order.
    2. Where in an action in claim and delivery the complaint had fixed the value of the property in question at $2,195 and the evidence of plaintiff established it at $1,983, but the jury fixed it at $2,686.20, an order granting a new trial asked for on the ground, among others, of excessive damages appearing to have been given under the influence of passion and prejudice, will not be disturbed on appeal.

Same—Interest and Damages—Both not Recoverable.
    3. While in an action in claim and delivery interest may be allowed as damages for the wrongful detention of the property, the successful party is not entitled to both interest and to damages for such detention.

*Appeal from District Court, Hill County; Frank E. Carlton, Judge.*

ACTION in claim and delivery by Jeannette G. Wilber against Eunice H. Wilber. From an order granting a new trial, plaintiff appeals. Affirmed.

*Mr. C. R. Stranahan,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Freeman, Thelen & Frary,* for Respondent, submitted a brief; *Mr. G. S. Frary* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an appeal by plaintiff from an order granting a new trial in an action in claim and delivery to recover possession

of specific personal property—horses, cattle and farm machinery—or, in case return thereof cannot be had, then for the value, alleged to be $2,195. The order granting the new [1] trial is general in terms, and, under the rule uniformly observed in this state, it must be sustained, if it can be upon any ground specified in the notice of intention and urged upon the trial court. The notice of intention enumerates all the statutory grounds, but, according to counsel for defendant, reliance was had upon four of them only: (1) Insufficiency of the evidence to justify the verdict; (2) errors in the refusal of offered instructions; (3) misconduct of a juror; and (4) excessive damages appearing to have been given under the influence of passion and prejudice. Consideration will be given to the last one only.

In the complaint the property is described minutely and a value is affixed to every item, the total value for all the [2] property claimed being $2,195. The evidence introduced by plaintiff, considered in the light most favorable to her, fixed the total value at $1,983, and that is the utmost for which a verdict could be justified, but notwithstanding the value claimed in the complaint, or the lower value as shown by the evidence, the jury fixed the value of the property at $2,686.20, and judgment was entered accordingly. Counsel for plaintiff does not attempt to justify the verdict, and apparently it is indefensible.

The value of the property, as stated in the complaint, was put in issue by the answer, and it became necessary for the jury to find the value, and it was permissible to assess the damages sustained by plaintiff, but the value and damages are stated separately in the verdict, as they should be. (Sec. 9363, Rev. Codes 1921.) The excess cannot be accounted for upon the theory that the jury determined the value to be a less amount and added interest thereon from the time the property was taken by defendant. Interest may be allowed as [3] damages for the wrongful detention of property (*Webster v. Sherman,* 33 Mont. 448, 84 Pac. 878), but the successful

party is not entitled to interest and to damages for wrongful detention in addition thereto (*Garcia* v. *Gunn,* 119 Cal. 315, 51 Pac. 684). If the jury included interest as damages, then they made a double award, for they found specifically by the verdict that plaintiff was entitled to $50 damages for the wrongful detention of the property. It is impossible to determine upon what theory the jury arrived at the value as fixed in their verdict; indeed, there does not appear to be any theory upon which it can be sustained, and for this reason alone a new trial is necessary, and the order granting it is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN and HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. CHIEF JUSTICE BRANTLY, disqualified, concur.