ṢKINNER ET AL., RESPONDENT, *v.* CARLYSLE OIL DEVEL-
OPMENT CO. ET AL., APPELLANTS.

(No. 6,181.)

(Submitted October 21, 1927.  Decided November 8, 1927.)

[260 Pac. 1038.]

*Default Judgments—Service of Process by Publication—Vaca-
tion of Default—Discretion—Showing Required of Movant.*

1. In an action brought for the purpose of clearing the rec-
ord of clouds on title to real property by the recordation of
oil and gas leases, service of process was made upon non-
resident defendants by publication; their default was entered
and they moved to have the decree vacated, not, however, filing
any affidavit in support of the motion but relying upon the final
clause of section 9187, Revised Codes 1921, providing that where
from any cause summons has not been personally served on a
defendant, the court may on terms allow him to answer within
one year after rendition of the judgment. The motion was de-
nied. *Held,* that the contention of defendants (appellants) that
the district court under the provision of the section above
quoted was bound to grant the motion without any further show-
ing on their part and that the court's discretion extended only
to the imposition of terms, has no merit; that the application
was addressed to its discretion and the applicants were required
to make a showing that they did not have actual notice of the
pendency of the action, and not having done so, the motion was
properly denied.

[1] Judgments, 34 **C. J.**, sec. 567, p. 352, n. 50; sec. 569, p. 353,
n. 62; sec. 573, p. 358, n. 99; sec. 580, p. 365, n. 67.  Quieting Title, 32
**Cyc.**, p. 1346, n. 85.

*Appeal from District Court, Toole County; John J. Greene,
Judge.*

ACTION by George F. Skinner and others against the Carlysle
Oil Development Company and others.  Decree for plaintiffs.
Motion by defendants to have default opened and for permis-
sion to file answer overruled, and defendants appeal.  Affirmed.

*Mr. Jess H. Stevens,* for Appellants, submitted a brief.

*Messrs. Harris & Hoyt,* for Respondents, submitted a brief;
*Mr. George G. Harris* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Plaintiffs commenced an action in Toole county to remove clouds upon the title to certain lands owned by them, by reason of two leases theretofore given by them and made a matter of record. These leases were for the purpose of exploring for oil and gas, and were given for a fixed term, and as long thereafter as oil or gas should be produced. The complaint alleged that the fixed term had expired, and no oil or gas had been discovered; that the leases had not been canceled of record, and constituted a cloud on the title, which plaintiffs prayed removed.

As the defendants were nonresidents, plaintiffs secured ser-
[1]  vice of process by publication under the provisions of sections 9117, 9118 and 9119, Revised Codes of 1921. Certain of the defendants answered, setting up claims to mechanics' liens by reason of work done in drilling a well on the premises for the lessees, but these claims were settled and the cause dismissed as to those defendants.

The default of all defendants, other than those mentioned above, was entered by the clerk, and thereafter the matter was heard and by the court taken under advisement. Later the court made and entered its findings of fact, conclusions of law and decree, in which it is recited that the jurisdictional steps were taken in the manner prescribed by law, and that oral and documentary proof was made, from which the court found that all of the allegations of the complaint were true, and quieted title to the lands in plaintiffs.

The nonappearing defendants thereafter made timely motion in writing to have their default opened, the decree vacated and that they be permitted to file a tendered answer. The motion was overruled, and the movants have appealed from the order made. They predicate error upon the refusal to vacate the default and set aside the decree and in making and entering any decree against them.

1. The motion was made under the provisions of the final clause of section 9187, Revised Codes of 1921, which reads as follows: "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

No affidavit was filed in support of the motion, and no showing was made, nor is it contended, that they did not receive the copies of summons and complaint mailed to them, nor that they did not have actual notice of the pendency of the action in time to have defended, nor is it directly charged that the court abused its discretion in denying the motion. This is in conformity with movants' contention that, under the provisions quoted above, the court was bound to grant the motion on a showing that service was made by publication, and the court's discretion extended only to the imposition of terms.

In opposition to this contention, counsel for plaintiffs cite decisions of this court applicable only to motions made under earlier provisions of section 9187, and which have no bearing on the contention made by movants.

It is strange that counsel on both sides of the controversy failed to discover the case of *Smith* v. *Collis*, 42 Mont. 350, Ann. Cas. 1912A, 1158, 112 Pac. 1070, which is decisive of this case, and is cited in the annotations to section 9187. Whatever may be the rule in sister states, the above decision makes it plain that, in this state, the application here made, in common with applications made for relief from default entered through mistake, excusable neglect, etc., is not a matter of right, but is addressed to the sound discretion of the court and on such an application as was here made a showing should be made to the court that the movant did not have actual notice of the pendency of the action in time to defend. It is there said that such a requirement works no hardship on the movant, and, in the absence of such a showing, we cannot say that the court abused its discretion.

2. The movants assert that this is an action to quiet title, and was therefore brought under the provisions of Chapter 40, Part 3, Code of Civil Procedure, which prescribes a different procedure for securing publication of summons from that outlined in sections 9117 and 9118, above.   This is not necessarily so, as the action was brought for the purpose of clearing the record of clouds on title caused by the recordation of two specific instruments, and section. 8733, Revised Codes of 1921, governs such actions.   In *Slette* v. *Review Pub. Co.*, 71 Mont. 518, 230 Pac. 580, the distinction between the two actions is pointed out, but, as movants' complaint goes only to alleged irregularities in securing publication of summons, for the reasons stated above we are not called upon to determine the nature of the action at bar.

3. Other assertions made in argument have been considered and found to be without merit.

The decree is fair and valid on its face, and must be affirmed.

*Affirmed.*


Mr.  Chief  Justice  Callaway  and  Associate  Justices Myers, Stark and Galen concur.

Rehearing denied November 25, 1927.