PARSONS, RESPONDENT, *v.* RICE, SHERIFF, APPELLANT.

(No. 6,221.)

(Submitted January 14, 1928. Decided February 14, 1928.)

[264 Pac. 396.]

*Conversion—Automobiles—Election of Remedies—Inapplicability of Doctrine—Trial—Pleadings — Amendment—Discretion —New Trial—Appeal—Newly Discovered Evidence—Conditional Sale Contracts—Filing of Assignment not Authorized —Constructive Notice—Evidence—Agency.*

Appeal—Review of Intermediate Orders—Statutory Provision Inapplicable on Appeal from Order Granting New Trial.

1. The provision of section 9750, Revised Codes 1921, that upon appeal from a judgment the court may review the decision of the court or any intermediate order excepted to, has no application on appeal from an order granting a new trial.

Same—New Trial—Supreme Court may Consider Compensatory Error in Determining Whether Error Committed in Granting Motion.

2. A new trial should never be granted when it is apparent that the result reached would not be changed on a retrial, and in passing on an appeal from an order granting a new trial the supreme court may consider an assignment of error that if the trial court had not committed error against respondent during the trial a case would be presented in which a new trial should not have been granted, under the doctrine of compensatory error. (Sec. 9751, Rev. Codes 1921.)

Same—New Trial—Record—Erroneous Title "Bill of Exceptions" Immaterial.

3. The mere fact that the record on appeal from an order granting a new trial, required by section 9402, Revised Codes 1921, to contain a transcript of the minutes of the court made on the hearing, is erroneously entitled "bill of exceptions" does not destroy its efficacy.

New Trial on Minutes of Court—What Trial Court may Consider in Passing upon Motion.

4. Where a motion for new trial is based on the minutes of the court, the trial court may, among other things, consider all of the evidence introduced and all rulings made, and in doing so may rely upon its memory alone.

Same—Appeal—Presumption—When Order to be Sustained.

5. On appeal from an order granting a new trial, general in terms, the presumption is that the trial court determined that

1. See 2 Cal. Jur. 828.
5. See 2 Cal. Jur. 888; 2 R. C. L. 191.

on a retrial movant could prevail; such a motion is addressed to its sound legal discretion, its decision being reversible only for abuse thereof, and its general order must be sustained if it can be upon any one, of the grounds urged in the notice of motion.

Same—Newly Discovered Evidence—When Evidence not Merely Cumulative.

6. Alleged newly discovered evidence urged as one of the grounds of a motion for new trial which, though cumulative to some extent, supplies highly important, pertinent and material testimony relative to new facts of a different character from that theretofore adduced, tending to prove the ultimate fact, consideration of which may change the result had at the first trial, does not fall within the rule that a new trial may not be granted where new evidence is merely cumulative.

Trial—Amendment of Pleadings—Discretion.

7. Application to amend a pleading at commencement of trial is addressed to the sound discretion of the trial court, its discretion in that respect not being limited to the imposition of terms (sec. 9187, Rev. Codes 1923), and it will not be held to have abused it in denying defendant's motion for permission to amend the answer by inserting an entirely new defense based upon matters of record for many months in the court in which the action was pending.

Pleading and Practice—When Pleading Deemed Amended to Conform to Proof.

8. Where evidence not warranted by a party's pleading is permitted to be introduced without objection, his pleading will be deemed amended to conform to the proof.

Same—Estoppel—Election of Remedies—When Defense Available.

9. To make the defense of election of remedies available, the party sought to be estopped must have had two or more inconsistent remedies, and he must with knowledge of the facts have indicated his choice by bringing an action and thereby secured an advantage or prosecuted the action to judgment.

Same—Election of Remedies—What Does not Constitute.

10. Where a party has but one remedy there can be no election and the bringing of an ill-advised action against one person relative to the same subject matter does not preclude an inconsistent proper action against another, and the fact that he secured an uncollectible judgment in an action against the wrong

---

6. What is cumulative evidence within rule excluding it when offered in support of motion for new trial, see note in **Ann. Cas.** 1923D, 157. See, also, 20 Cal. Jur. 96; 20 R. C. L. 296.

7. Trial amendments, see note in 5 **Ann. Cas.** 674. See, also, 21 Cal. Jur. 191; 21 R. C. L. 577.

8. See 21 R. C. L. 578.

9. Inconsistency of remedies as essential to application of doctrine of election of remedies, see note in 6 **Ann. Cas.** 212. See, also, 10 Cal. Jur. 1; 9 R. C. L. 956, 962.

10. Pursuit of mistaken remedy as election, see note in 5 **Ann. Cas.** 962. See, also, 10 Cal. Jur. 5; 9 R. C. L. 958.

[81 Mont. 509.]

party is not a bar to recovery in a proper action against the right one.

Same—Election of Remedies—When Doctrine Inapplicable.

11. The doctrine of election of remedies cannot be applied between one of the parties to a contract and a third person, a stranger thereto, it being applicable only to the parties to it.

Same.

12. Under the above rules (pars. 9–11), *held* that where plaintiff in an action against a sheriff for the conversion of an automobile had bought the car from a dealer after the original buyer thereof had defaulted in his payments, the fact that plaintiff had brought a prior action against the dealer for misrepresentations as to its ownership and had a default judgment entered against him which was uncollectible, was not a bar to his action against the sheriff who sold the car at the instance of the holder of the conditional sale contract executed by the first purchaser and assigned by the dealer.

Conversion—Automobile—Evidence—Admissibility.

13. Where a dealer in automobiles had testified to authority given him by the buyer of a car to resell it, a written order by the owner for a new car was properly admitted in corroboration of the witness' statement.

Same.

14. Letters from a mortgage company to a dealer in automobiles showing a course of business transactions between the two whereby the latter was permitted to act with relation to cars, bought under conditional sales contracts and assigned to the company, as though he was holding title to them, were admissible in an action against a sheriff for the conversion of a car sold under such a contract.

Same—Conditional Sale Contracts—Filing Assignment not Constructive Notice.

15. Since section 7594, Revised Codes 1921, as amended by Chapter 145, Laws of 1925, provides only for the filing of conditional sale contracts, and not for the filing of assignments thereof, filing of the latter does not impart constructive notice, and proof of the assignment offered for the purpose of showing such notice in the buyer of the article covered by the contract was properly excluded.

Same—Warning to Dealer not to Sell Car Until Fully Paid for—Testimony Admissible, for What Purpose.

16. Testimony of a witness that the owner of an automobile admonished the dealer in whose hands it was not to sell it until the purchase price was fully paid, *held* admissible as contradicting the statement of the dealer that the owner had authorized him to sell it.

Same—Agency—Evidence—Inadmissibility as Conclusions of Witness.

17. The action of the trial court in sustaining objections to questions asked an agent of a mortgage company to which a condi-

15. Effectiveness as constructive notice of recorded instrument not entitled to record, see note in **Ann. Cas.** 1913B, 1070. See, also, 22 **Cal. Jur.** 616; 23 **R. C. L.** 204.

tional sale contract covering an automobile had been assigned, as to whether the dealer in whose hands it was had certain authority from the company, on the ground that they called for conclusions rather than facts, *held* proper.

[1]    Appeal and Error, 4 C. J., sec. 2587, p. 688, n. 69.
[2]    Appeal and Error, 4 C. J., sec. 2562, p. 668, n. 57.  New Trial, 29 Cyc., p. 1013, n. 57.
[3]    Appeal and Error, 4 C. J., sec. 1809, p. 210, n. 30.
[4]    New Trial, 29 Cyc., p. 1008, n. 42.
[5]    Appeal and Error, 4 C. J., sec. 2556, p. 662, n. 91; sec. 2733, p. 782, n. 44; sec. 2813, p. 830, n. 45.  New Trial, 29 Cyc., p. 1008, n. 48.
[6]    New Trial, 29 Cyc., p. 911, n. 94, p. 916, n. 98.
[7]    Appeal and Error, 4 C. J., sec. 2757, p. 800, n. 47.  Pleading, 31 Cyc., p. 399, n. 83, p. 426, n. 42.
[8]    Pleading, 31 Cyc., p. 723, n. 92.
[9–12]   Election of Remedies, 20 C. J., sec. 1, p. 2, n. 2; sec. 6, p. 5, n. 34; sec. 12, p. 17, n. 15; p. 18, n. 18, 20; sec. 17, p. 21, n. 43, p. 23, n. 46; sec. 18, p. 27, n. 61; sec. 28, p. 35, n. 30.  Judgments, 34 C. J., sec. 1391, p. 974, n. 36.
[13, 14]  Evidence, 22 C. J., sec. 93, p. 168, n. 14; sec. 1106, p. 903, n. 39.  Sheriffs and Constables, 35 Cyc., p. 1832, n. 55.
[15]    Sales, 35 Cyc., p. 695, n. 4.
[16]    Agency, 2 C. J., sec. 704, p. 943, n. 83.
[17]    Agency, 2 C. J., sec. 691, p. 935, n. 21.

*Appeal from District Court, Missoula County; James M. Self, Judge.*

ACTION by Harry H. Parsons against John A. Rice, as Sheriff of Missoula County.  Verdict for defendant.  From an order granting plaintiff a new trial defendant appeals.  Affirmed.

*Mr. Dwight N. Mason* and *Mr. Donovan Worden,* for Appellant, submitted a brief; *Mr. Mason* argued the cause orally.

*Messrs. Murphy & Whitlock,* for Respondent, submitted a brief; *Mr. A. N. Whitlock* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

John A. Rice, sheriff of Missoula county, has appealed from an order granting Harry H. Parsons a new trial in an action wherein the latter sued for damages for the alleged

conversion of a Hudson coach, on the trial of which action verdict was rendered for defendant.

The chronological history of the Harry Parsons coach is as follows: In the year 1926 A. W. Stephenson and W. E. Edwards, Missoula agents for the Hudson and Essex automobiles, were doing business under the firm name of Edwards Motor Company and, apparently, "on a shoestring." On April 2 Stephenson, who was the business manager of the company, sold the coach to one Alfred M. West on conditional sales contract which recited a down payment of practically one-half the price and an agreement to pay the balance, or $725, in monthly installments of $51.79, payable on the second day of each month thereafter until fully paid, title to remain in the company until the full amount was paid. By an independent contract, West agreed to leave the coach, which was the only one the company then had, in the salesroom every day, except Sundays, so that Stephenson could exhibit and demonstrate it in an attempt to sell like cars to customers.

Immediately after making the sale, the motor company assigned the contract to the Western Bond & Mortgage Company, of Portland, Oregon, in consideration of the sum of $650 to it paid, and unconditionally guaranteed the payment of the full amount due under the contract. The contract, with the assignment attached thereto, was filed by the Western Bond & Mortgage Company in the office of the clerk of Missoula county on April 5. West had knowledge of the assignment and made the payments due May 2 and June 2 to the assignee.

On June 14, Stephenson induced Parsons to go to the salesroom and there exhibited the coach to him, telling him that it was a demonstrator car which had been run about 1,400 miles, and offered it to him for $1,250. Parsons accepted the offer, paid the full amount by check and took possession of the coach.

Some time during the month of June, West made arrangements with Stephenson to turn the coach in on the purchase of a like car to be delivered at Detroit, Michigan, on his arrival at that city, provided the assignee was satisfied, and on June 23

signed an order for a new car. Stephenson notified the assignee of the arrangement made and that the new contract, when executed, would be substituted for the one here under consideration, but it does not appear that the mortgage company received the notice.

West failed to make the payment due July 2, and thereupon the mortgage company placed the contract and assignment, or copies thereof, in the hands of the sheriff, who seized the coach and thereafter sold it at public auction, West becoming the purchaser at the exact amount due under the contract plus the cost of sale.

On July 7 Parsons commenced action against Edwards and Stephenson for the amount paid, basing his action upon fraudulent misrepresentations, and on July 8 commenced action against the sheriff for damages for conversion of the coach.

Edwards and Stephenson, being then out of business and apparently judgment proof, defaulted, and, before the action against the sheriff came on for trial, a default judgment was entered against them.

The trial of the action against the sheriff resulted in a verdict for the defendant, and thereupon plaintiff moved for a new trial upon all of the grounds mentioned in the statute, and, in his notice, stated that the motion would be made upon affidavits attached and upon the minutes of the court. The affidavits filed recite that the jury found against the plaintiff upon the theory that he had not paid the purchase price, as he could not produce the canceled check while on the stand, that a bank cashier had been found who would testify on a new trial that the check was cashed by the motor company; and that an attorney of Missoula would likewise testify that West had told him, prior to the time the sale was made to Parsons, that he (West) was going to purchase a new car and take delivery in Detroit and had instructed Stephenson to sell the coach. These affidavits show that the facts therein stated were not known to plaintiff at the time of trial and could not have been discovered by the exercise of reasonable diligence.

Defendant opposed the motion by written "response," in which he denied the existence of each of the grounds of motion, other than that of newly discovered evidence, and, as to the latter ground, alleged that the matters contained in the affidavits filed in support of the motion were merely cumulative and therefore did not entitle plaintiff to a new trial. With this "response" defendant filed an affidavit in which West denied that he ever had the conversation attributed to him.

The motion was submitted to the court without oral argument, on the record made and briefs filed. It was granted by a general order sufficient to cover all grounds stated in the notice of motion, made April 30, 1927. Thereafter additional time was granted in which to prepare, serve and file a bill of exceptions, which was settled and filed on October 1, 1927, and which is in all respects such a bill as is settled on appeal from a judgment.

Counsel for defendant preface their specifications of error [1] with the statement that, "in view of the provisions of section 9750, Revised Codes 1921, which provides, among other things, that upon an appeal of this nature the court may review the decision and any intermediate order or decision excepted to," and that the trial court proceeded upon an erroneous conception of the law in the trial of the case, which error undoubtedly influenced the decision on the motion, it becomes necessary to assign error upon all adverse rulings made during the trial materially affecting the merits of the controversy. They then predicated error upon sixteen alleged erroneous rulings and upon the decision upon the motion.

1. Counsel misconceive the purpose of the provisions of section 9750 above; it is expressly made applicable only to "an appeal from a judgment," and therefore has no application to an appeal from an order granting a new trial.

2. The specifications of error fall more nearly within the [2] doctrine of "compensatory error" based upon the final provisions of section 9751, Revised Codes of 1921, in that they

urge, in effect, that, had the court not committed error against the defendant during the trial, the proceedings had on the trial would present a case in which a new trial should not have been granted, as a trial court should never grant a new trial when it is apparent that the result reached on the trial would not be changed on a retrial. (*Leyson* v. *Davis,* 17 Mont. 220, 31 L. R. A. 429, 42 Pac. 775; *In re Colbert's Estate,* 31 Mont. 461, 107 Am. St. Rep. 439, 3 Ann. Cas. 952, 78 Pac. 971, 80 Pac. 248.) On this theory, if the record is properly before us, we will review the proceedings had on the trial, as well as the showing of newly discovered evidence, for the purpose of determining whether the trial court was justified in granting the new trial.

3. Counsel for plaintiff suggest that, as the proceedings had

**[3]** on the trial are presented by bill of exceptions settled after the hearing and not by a transcript of the minutes of the court, the proceedings of the court are not properly before us for consideration.

The statutory requirement is that the record on appeal from an order granting a new trial must contain "a transcript of the minutes of the court used on the hearing" (sec. 9402, Rev. Codes 1921), but this transcript is made up after the hearing (*Robinson* v. *Helena L. & Ry. Co.,* 38 Mont. 222, 99 Pac. 837), and its efficacy is not destroyed by the erroneous title "bill of exceptions" (*Doornbos* v. *Thomas,* 50 Mont. 370, 147 Pac. 277; *Friel* v. *Kimberly-Mont. G. Min. Co.,* 34 Mont. 54, 85 Pac. 734).

4. Where, as in this case, the motion is based on the minutes

**[4]** of the court, reference may be made on the hearing to the proceedings had on the trial and, when necessary, to the court reporter's notes (sec. 9400, Rev. Codes 1921) and the court may, in considering the merits of the motion, take into consideration all of the evidence adduced on the trial and all rulings made, and, in doing so, may rely upon its memory alone. (*State ex rel. Cohn* v. *District Court,* 38 Mont. 119, 99 Pac. 139.)

As the motion here was submitted on briefs, which are not
[5] before us, and the order granting the motion is a general
one, we will presume that the court considered all of the pro-
ceedings had on the trial and determined that, on the minutes
and on the affidavits of newly discovered evidence, the plaintiff
was entitled to a new trial and could prevail on a retrial.
(*Price* v. *Northern Pac. Ry. Co.*, 60 Mont. 166, 198 Pac. 439.)
The following rules govern our consideration of its order:

5. The general order must be sustained if it can be upon
any one of the grounds set forth in the notice of motion.
(*Wilber* v. *Wilber*, 63 Mont. 587, 207 Pac. 1002.)

6. The motion is addressed to the sound legal discretion of
the court (*Fournier* v. *Coudert*, 34 Mont. 484, 87 Pac. 455),
and the order of the court will not be disturbed in the absence
of a showing of abuse of that discretion. (*McVey* v. *Jemison*,
63 Mont. 435, 207 Pac. 633.)

7. We agree with counsel for defendant that the newly
[6] discovered evidence as to payment of the Parsons check
to the motor company was merely cumulative, and, standing
alone would not justify the granting of a new trial. (*Roberts*
v. *Oechsli*, 54 Mont. 589, 172 Pac. 1037; *Jenkins* v. *Kitsen*,
62 Mont. 515, 205 Pac. 243; *Freisheimer* v. *Missoula Creamery
Co.*, 64 Mont. 443, 210 Pac. 329.)

8. However, as to the newly discovered evidence to the effect
that West authorized Stephenson to sell the coach prior to the
time it was in fact sold to Parsons, if a sale was effected, a
different situation is presented. True, to some extent that evi-
dence would also be cumulative, but it supplied vital essentials
to the testimony produced which might justly call for a con-
clusion by the jury contrary to that reached by that body on
the evidence as it was presented.

The controlling question in the case was whether Stephenson
had such actual or ostensible authority to sell the coach as
would protect Parsons in purchasing it in good faith. On this
question the evidence adduced tended to establish the position
taken by plaintiff that the assignment of the conditional sales

contract did not divest the motor company of title to the coach, subject to the contract, as such assignment was given as a pledge or collateral security for a loan, for the repayment of which the mortgage company looked primarily to the motor company, under its guaranty, and that either by direct permission or direction of a field agent of the mortgage company, or by a general course of conduct and dealing with assigned contracts, establishing ostensible authority, the motor company had the power to repossess cars on default of the purchaser and resell them, accounting to the mortgage company, or to substitute a new contract for one assigned, thereafter treating the latter as though never assigned.

However, in the instant case, such a showing, even though sufficient for the purpose above and believed by the jury, would not authorize a verdict in favor of plaintiff unless it was further shown that West had authorized repossession and sale or substitution of contracts, as he was not then in default. In this situation Stephenson testified that he had authority from West, but on cross-examination fixed the time as of the date of the new contract, or June 23, nine days after the sale to Parsons. It is true that on redirect he testified that the agreement between West and the witness was reached some days prior to the signing of the order, but either could not or would not fix the time as prior to the sale to Parsons. On this point, West, as a witness for the defendant, and while denying that he gave Stephenson authority to sell the car, aided plaintiff in fixing the date of his conversation with Stephenson as June 11 or 12, when he states he told Stephenson that, if the motor company could repossess the contract and deliver another coach in Detroit, he would make the trade.

Thus there was such an equipoise of evidence as to justify the jury in finding one way or the other. After the jury had found for defendant, plaintiff's brother attorney volunteered the information that he was told by West, prior to the sale to Parsons, that he (West) had authorized Stephenson to sell the coach. Had this testimony been available on the trial it would

have justified a finding that the evidence on this point preponderated in favor of plaintiff. It was therefore highly important, pertinent, and material. It brought to light new facts of a different character tending to prove the ultimate fact, and was not, for that reason, merely cumulative. (*Jenkins* v. *Kitsen,* above.)

9. The showing made as to diligence and the availability of the testimony was sufficient to invoke the discretionary power of the court, within the rules laid down in *Re Colbert's Estate,* above, and, unless it appeared from the minutes of the court on the hearing that no different result could be reached on a retrial, the showing of this newly discovered evidence was sufficient to warrant the court in granting the new trial.

We will therefore consider those matters presented by defendant on which it is contended the court erred, and which we deem important as bearing upon the substantial rights of the respective parties during the trial.

By proper instructions, which it is not necessary to set out, the court advised the jury that the real issue was between the plaintiff and the Western Bond & Mortgage Company, and that, as between them, plaintiff should prevail if the jury found that plaintiff acquired title to the coach by purchase from the motor company as owner, or if the Bond & Mortgage Company authorized the motor company to sell for it, or if the Bond & Mortgage Company was, in the manner claimed by plaintiff, estopped to assert such claims as it had to the coach, and the record contains evidence on which the jury could have found for the plaintiff on any one of those theories. However, defendant contends that the record would not have been in that condition had it not been for the erroneous admission and exclusion of evidence.

10. Counsel for defendant contend, first, that the court erred [7] in refusing to permit an amendment to the answer tendered at the opening of the trial on March 22, 1927, consisting of the insertion of allegations to the effect that plaintiff instituted, and prosecuted to judgment, the action against Ed-

wards and Stephenson, mentioned above, and had thereby elected to pursue that remedy, which election constituted a complete defense to this action.

The statutory provision as to such an amendment is that "the court may likewise, in its discretion, after notice to or in the presence of the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars." (Sec. 9187, Rev. Codes 1921.) This provision, like that for the relief authorized by the preceding portion of the statute, leaves the matter to the sound discretion of the trial court, which discretion extends to the granting of the relief prayed for and not merely to the imposition of terms, (*Skinner* v. *Carlysle Oil Co.,* 80 Mont. 464, 260 Pac. 1038), and we cannot say that the court abused such discretion in denying a motion to amend made on the day of trial to set up an entirely new defense based upon matters which had been of record for many months, in the court in which the action was pending. (*Drew* v. *Lindsay National Bank* (Cal. App.), 260 Pac. 372.)

11. On the trial, defendant was permitted, without objection, [8] to introduce the complaint in the action against Edwards and Stephenson in evidence and to that extent the complaint will be deemed amended to conform to the proof. (*Robinson* v. *Woolworth Co.,* 80 Mont. 431, 261 Pac. 253.) Thus defendant was in a position to urge an election on the part of the plaintiff, in the trial court, as he urges it here, if the commencement of the other action constituted an election of remedies, as [9–12] counsel contend. Some courts so hold, but the more reasonable rule is that plaintiff must have secured an advantage by the action taken, or must have prosecuted the action to judgment. (9 R. C. L. 957.)

Counsel for defendant sought, while plaintiff was on the stand, to secure from him an admission that he had had default entered and secured a default judgment against Edwards and Stephenson. On objection this proof was excluded, and error is assigned on the ruling.

12. The cogent reason why the court did not err in either of the particulars referred to above is that the bringing of the action against Edwards and Stephenson, simultaneously with the action against the defendant, was not an election of remedies within the meaning of that term, and was not therefore a good defense to the action at bar.

"An election of remedies is defined as the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts." The doctrine of election is generally regarded as being the application of the law of estoppel, upon the theory that a party cannot, in the assertion or prosecution of his rights, occupy inconsistent positions. The conditions where an election lies are such as where a choice lies between remedies at law and in equity, where suit may be brought on a given state of facts either on contract or in tort, or by attachment or replevin. (9 R. C. L. 956, and cases cited.) In fact, the doctrine is applicable whenever, on a given state of facts, a party may do the one thing or the other and makes his choice, but "if in fact or in law only one remedy exists there can be no election," and the bringing of ill-advised actions wherein no remedy exists has no effect upon a proper action instituted. (9 R. C. L. 962; *Navajo-Apache Bank & Trust Co.* v. *Desmont,* 19 Ariz. 335, 170 Pac. 798.)

As stated in 2 C. J. 20: "To the proper application of this rule at least three things are essential: (1) There must be in fact two or more coexisting remedies between which the party has the right to elect; (2) the remedies thus open to him must be inconsistent; and (3) he must by actually bringing his action or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies." In the same volume, at page 17, it is said that "where a party has grounds to bring separate actions against different persons and the maintenance of one necessitates the allegation of a fact or the assumption of a position inconsistent with or repugnant to the maintenance of another, he is bound by his election and cannot proceed against the other. In other words, where a

party has suffered an actionable wrong, he will not be permitted to pursue inconsistent remedies against different persons.'' Counsel for defendant relies upon this statement of the law to support their position that plaintiff herein made an election.

A careful reading of the cases cited in support of the text, however, discloses that the text refers to that class of cases wherein, on a single set of facts, an action would lie against two or more persons and two or more remedies in fact exist, as, for example, where a party attaches property he is thereafter estopped from asserting a lien against the same property as against an interpleader (*Ottumwa Nat. Bank* v. *Totten,* 94 Mo. App. 596, 68 S. W. 386); or where property had been wrongfully converted, the owner cannot sue certain of the joint tort-feasors as on an implied contract for payment and bring an action for tort against others (*American Process Co.* v. *Florida Brick Co.,* 56 Fla. 116, 16 Ann. Cas. 1054, 47 South. 942); or, where a check is paid on a forged indorsement, the maker cannot recover from the bank which paid the check where he sought recovery in the same suit against the bank on which it was drawn (*Figures* v. *Fly,* 137 Tenn. 358, 193 S. W. 117).

The very text on which counsel rely continues, '' * * * the prosecution of a misconceived and unmaintainable action or defense against one person does not preclude an inconsistent action against another,'' which is the doctrine announced by this court in *O'Meara* v. *McDermott,* 43 Mont. 189, 115 Pac. 912.

The next paragraph (20 C. J. 18) reads: ''The doctrine of election of remedies cannot be applied between one of the parties to a contract and a third person, a stranger to the contract, since it is applicable only to the parties to the contract. Where a seller in a conditional sales contract brings replevin against a purchaser from the conditional purchaser and judgment is rendered in favor of the defendant, it is not such an election as will prevent a suit on the purchase-money note, for

[81 Mont. 509.]

the reason that there is no privity of contract between those liable on the note and the party sued in replevin.''

Here, on the facts, whatever they may be, but one remedy existed: Either Edwards and Stephenson had no title to or right to sell the car and fraudulently represented the facts, in which case action would lie against them, or they acted within their rights, or the facts were such that plaintiff was entitled to act upon the assumption that they did have the right to sell, in which case the present action would lie, but the two remedies were not ''coexistent''; if one existed, the other did not.

Another essential requisite was missing, in that plaintiff, when he commenced the two actions, did not have knowledge of the facts (20 C. J. 35); all he knew was that his coach was gone and someone was liable. In this situation, as he phrased it, he ''took both horns of the dilemma.''

13. Nor does the fact that plaintiff had a default judgment entered against the insolvent members of the motor company alter the situation.

''The doctrine of estoppel by judgment, or res judicata, as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined, upon its merits.'' (*United States* v. *California Bridge Co.,* 245 U. S. 337, 62 L. Ed. 332, 38 Sup. Ct. Rep. 91.)

So where a plaintiff secures an uncollectible judgment in an untenable action against the wrong party, such judgment is no bar to recovery in a proper action against the right party. Thus, in *Spaeth* v. *De Witt* (Sup. Ct.), 123 N. Y. Supp. 195, plaintiff secured judgment against a party to whom he had sold goods, but in attempting to collect the judgment discovered that the defendant was the undisclosed agent of his wife; it was there held that the first action was no bar to a proper action

against the wife, citing *Tew* v. *Wolfsohn,* 174 N. Y. 272, 66 N. E. 934, to the same effect.

In *Wood* v. *Claiborne,* 82 Ark. 514, 118 Am. St. Rep. 89, 11 L. R. A. (n. s.) 913, 102 S. W. 219, wherein a minor on reaching majority sued an attorney for the unauthorized payment of money, collected for the son, to the father, it was held that the doctrine of election did not apply, and his action was not barred because he had theretofore secured judgment against his father for the amount; he being unable to collect the amount from his father.

In *Tanner* v. *Johnson,* 119 Ark. 506, 178 S. W. 376, plaintiff sold a team of horses, taking a note for the purchase price, with surety thereon. The purchaser sold the horses and turned the proceeds over to the surety on the note. Plaintiff sought to replevin the horses, but judgment was rendered against him. He then brought action on the note, making the purchaser and surety defendants. Held, that the first action was no election, the court saying that even the recovery of judgment would not have affected plaintiff's right to sue on the note, as there was no privity of contract between those liable on the note and the party sued in replevin.

14. Error is specified upon the admission of a number of [13, 14]   documents in evidence.

The first of these is West's order for a new car. It tended to corroborate Stephenson's testimony concerning authorization from West to dispose of the coach, even though dated after sale and not mentioning the coach; the remaining exhibits of letters from the Western Bond & Mortgage Company to the motor company which tended to show a course of business transactions between the two by which the latter was permitted to act as though holding title to cars described in conditional sales contracts assigned to the former.

In support of these assignments, defendant cites *Dever* v. *Girson,* 75 Mont. 412, 243 Pac. 812, holding that "merely entrusting a third party with the possession of personal property does not constitute holding him out as owner so as to estop

the real owner from claiming the same from one who purchases it from the possessor," and *Commercial Credit Co.* v. *National Credit Co.,* recently decided by the supreme court of Washington, reported in 143 Wash. 253, 255 Pac. 104, and in which it is held that, under the facts before the court, a motor company in somewhat the position of the Edwards Motor Company, was but a bailee of the car in question. The argument based on these authorities goes to the sufficiency of the evidence to prove plaintiff's contentions rather than to its admissibility. There is no merit in these assignments.

15. Counsel assert that the court erred in excluding an offered exhibit consisting of the conditional sales contract, with the assignment attached, offered for the purpose of showing constructive notice of the assignment.

Section 7594, Revised Codes of 1921, as amended by Session Laws 1925, Chapter 145, provides only for the filing of the contract; there is no provision of law for the filing of the assignment, and, as it was not entitled to filing, such action did not impart constructive notice to plaintiff. (*Baum* v. *Northern Pac. Ry. Co.,* 55 Mont. 219, 175 Pac. 872; *Lee* v. *Laughery,* 55 Mont. 238, 175 Pac. 873; *General Motors Acc. Co.* v. *Arthaud,* 118 Wash. 593, 204 Pac. 194.) No error was committed in excluding proof of the filing of the assignment. This holding is not in conflict with the rule laid down in *Piccolo* v. *Tanaka,* 78 Mont. 445, 253 Pac. 890.

16. Defendant offered to prove by one Stratton that West admonished Stephenson, prior to the sale of the coach to Parsons, not to dispose of the coach until the contract had been paid or satisfied. This testimony would have corroborated West's testimony to the same effect. The question asked and the offer of proof were objected to as calling for hearsay testimony. This testimony tended in some measure to contradict the testimony of Stephenson that he had authority from West, although it did tend to show a conditional permission and was admissible; on a retrial it should be admitted.

17. Error is specified on the court's sustaining objection to [17] questions asked an agent of the Western Bond & Mortgage Company, calling for statements as to whether the motor company had certain authority from his company, and an offer of proof to that effect.

The court sustained the objections on the ground, among others, that the questions and offer of proof called for conclusions of the witness rather than facts, the court stating that the witness could "state the facts from which agency of any kind may be inferred," and, "if he knows any facts about it, he can testify." No error was committed in so ruling.

18. Several specifications of error are made upon the giving of certain instructions and the refusal of the court to give certain offered instructions. We have examined the record and find no substantial error with reference to the instructions given and refused.

After a careful review of the whole record, we are of the opinion that it is not apparent from the record, which was before the trial court on the hearing, that a different result from that reached by the jury on the trial could not be secured on a retrial and that the trial court has not been shown to have abused its discretion in granting the new trial.

The order from which this appeal is taken is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.